HILLIARD BROS. v. S. G. WILSON ET AL.

No. 2616.

1. **Venue—Joint Trespassers.**—The right to maintain a suit in another county (as under eighth exception in article 1198, Revised Statutes) than that in which the statute fixes the venue, must depend upon the existence of the facts which constitute the exception to the statute, and not upon the mere allegation of such facts.

2. **Same—Case in Judgment.**—Suit by Hilliard Bros. against Wilson, sheriff of Burleson County, and Blum & Blum, residents of Galveston County, brought in Burleson County. The cause of action was the alleged seizure and conversion of a stock of goods, the property of plaintiffs, by said Wilson as sheriff, instigated by the Blums, who were plaintiffs in attachment proceedings under which the seizure was made at suit of the Blums, who also gave the sheriff an indemnity bond. The Blums pleaded in abatement their privilege to be sued in Galveston County. *Held*, that the court prop-

erly charged the jury that the right of plaintiffs to recover against the Blums was dependent upon the proof of the allegations of misconduct by the sheriff in the seizure and sale of the goods.

3. **Inventory of Goods Levied Upon.**—It is not required by law that a sheriff in seizing a stock of goods shall make an inventory of such goods; he is only required to describe them with sufficient certainty.

4. **Advertisement of Sale by Sheriff.**—The sheriff was ordered by the court to sell goods seized under attachment after giving four days notice. This notice was given for January 13; on that day, by consent of parties, the sale was postponed to the 16th of January; no other notice of the day of sale was given. The sale was made in bulk and for a fair price. *Held,* that the defendants in attachment had no legal grounds of complaint against the acts of the sheriff.

ERROR from Burleson. Tried below before Hon. I. B. McFarland. The opinion states the case.

*Bassett, Muse & Muse,* for plaintiffs in error.—1. Without reference to Wilson's liability, the venue as to the Blums was well laid in Burleson County under the eighth subdivision of Revised Statutes, article 1198, authorizing the suit in cases of trespass to be brought in the county in which "the trespass was committed." Rev. Stats., 1198, subdiv. 8; Johnson v. King, 64 Texas, 227; Usher v. Skidmore, 28 Texas, 622; Cahn v. Bonnett, 62 Texas, 674; Carothers v. McIlhenny Co., 63 Texas, 146, 147; Bartee v. Railway, 36 Texas, 648. The writ being regular on its face, would protect the sheriff, but would constitute no justification to a party to it who had wrongfully and fraudulently procured its issuance upon a false affidavit made by himself. That would be to permit him to shield himself behind his own false and fraudulent act. By way of illustration in the course of argument the plaintiffs in error may refer to the following additional authorities: Hilliard v. Wilson, 65 Texas, 286; Lord v. Hubbard, 59 Texas, 384; Dwyer v. Bassett, 63 Texas, 274; Bryan v. Bridge, 6 Texas, 137; Portis v. Parker, 8 Texas, 23.

2. It was the duty of the defendant Wilson, as sheriff, to readvertise the property on the postponement of the sale. Rev. Stats., arts. 2312, 2322. The sheriff had power to adjourn the sale, and it was his duty to do so when it became apparent that the goods were likely to be sacrificed. Crocker on Sheriffs, secs. 484, 494, 488, 512, 503, 483; Tinkum v. Purdy, 5 Johns., 345; McDonald v. Neilson, 2 Cowen, 169. The charge of the court erroneously made the action of the sheriff conclusive of the propriety of the sale and of the manner of making it, instead of submitting the question to the jury under a proper charge upon all the facts and circumstances developed by the evidence. Ballard v. Anderson, 18 Texas, 385; Murphy v. Railway, 46 Texas, 356, 364, 365; Roberts v. Roberts, 13 Gratt., 630.

*Seth Shepard* and *Scott & Levi,* for defendants in error. — 1. The

venue as to the Blums for the cause of action arising out of the institution of the attachment suit in Galveston County was not well laid in Burleson County, and on the former appeal of this case the court expressly so held. Hillard Bros. v. Wilson, 65 Texas, 286; Hubbard v. Lord, 59 Texas, 384; Blum v. Strong, 71 Texas, 321.

2. The conduct of the sheriff in making the sale was submitted fairly to the jury, and the evidence showed conclusively that he did not transcend his lawful authority or act in an improper or oppressive manner in any respect whatsoever. It was not the duty of the sheriff to readvertise the property for sale upon the postponement, because there was no statute requiring him to do so; and if there had been, the postponement having been at the request of the defendants in attachment, and no objection having been offered, he could not complain of it. The sheriff did not have the power to adjourn the sale, and had no occasion to do so even if the power existed. He was acting under orders to sell, because of the nature of the goods and the expense attending their keeping, etc. Rev. Stats., art. 171. The charge of the court fairly submitted the conduct of the sheriff to the jury, and the verdict is sustained by the overwhelming weight of the evidence.

ACKER, PRESIDING JUDGE. — Hilliard Brothers brought this suit against S. G. Wilson, sheriff of Burleson County, and L. & H. Blum to recover damages for the alleged wrongful seizure and conversion of a stock of goods of the alleged value of $5000, under a writ of attachment alleged to have been wrongfully and maliciously sued out by the Blums, in Galveston County, against Hilliard Brothers; plaintiffs also alleged that the levy on their goods was wrongfully and maliciously made for the purpose of harrassing plaintiffs, and to enable the Blums to obtain possession of the goods at a sum greatly less than their value; that in order to induce the defendant Wilson to assist in carrying out their unlawful purpose the Blums indemnified Wilson against any liability he might incur by reason of his acts in the premises; that said defendants, combining and confederating to sacrifice the goods of plaintiffs under legal process to enable the Blums to acquire them at greatly less than their value, the defendant Wilson, at the instigation of his codefendants, failed and refused to give legal and proper notice of the time and place of the sale of said goods, and also refused the request of defendants to make an inventory of the goods and to offer them for sale in small lots, but on the contrary, in pursuance of his fraudulent agreement aforesaid, defendant Wilson sold the goods in bulk without lawful notice, and when few bidders were present, and they were struck off and sold to the Blums for about four hundred dollars. It was alleged that if the sale had been properly advertised and made in a reasonable and legal manner, the goods would have brought their full value.

Defendants Blum pleaded in abatement their residence in Galveston County, and their privilege of being sued there, and charged that the allegations of misconduct and fraud on the part of defendant Wilson in levying the writ and selling the goods, and of confederacy and combination between them and Wilson, were fraudulently made solely for the purpose of giving the court of Burleson County jurisdiction.

This is the second appeal in this case, the decision on the former appeal being reported in 65 Texas, 286. On the former trial in the court below, the allegations of the petition then being substantially the same as on the last trial, exceptions to the petition were sustained and the suit dismissed, on the grounds that the court had no jurisdiction of defendants Blum, and that there was no cause of action shown against defendant Wilson. In the opinion delivered on the former appeal Chief Justice Willie said:

"We think, therefore, that the illegal and oppressive execution of the writ by the sheriff made him a trespasser, and that a cause of action was shown against him in the petition, for which, of course, he could be sued in Burleson County, where he resided and the wrong was committed. We think further, that as the plaintiffs in attachment instigated these acts of the sheriff, and combined and confederated with him to have them performed, they were accessories to his conduct and participants in his oppressive acts, and trespassers equally with himself, their trespass relating back to the very commencement of the attachment proceedings. In this trespass they were, under our statute, liable to suit in the county where it was committed, and the court below improperly held that Burleson County had no jurisdiction of the cause."

The demurrer admitted the truth of the averments of the petition; so on the former appeal it was held that the *facts* alleged gave the court jurisdiction by bringing the case within the eighth exception to article 1198 of the Revised Statutes, which provides that "no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases, to-wit."

The eighth exception is: "Where the foundation of the suit is some crime, or offense, or trespass for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile."

The last trial in the court below was by a jury, and resulted in verdict and judgment for the defendants, from which this appeal is prosecuted.

By the first assignment of error it is claimed that "the court erred in holding and instructing the jury, as it did substantially in the several clauses of the second charge given at the instance of defendants, and elsewhere in the charge, that plaintiffs' right of action against said L. &

H. Blum was dependent on their sustaining the charges of misconduct on the part of the defendant Wilson."

This assignment raises the controlling question in the case. The charges complained of made the question of jurisdiction depend solely upon the truth or falsity of the allegations of misconduct and fraud on the part of defendant Wilson in executing the writ of attachment, without regard to whether or not those allegations were made in good faith.

Appellants contend that the question of jurisdiction is determined by the averments of the petition, and that where the facts alleged give the court jurisdiction it can be defeated only by a plea to the jurisdiction; and also pleading that the jurisdictional averments were fraudulently made for the purpose of giving jurisdiction improperly, and a finding that the plea is true. The case of Dwyer v. Bassett, 63 Texas, 276, is relied on in support of the view contended for by appellants.

We understand that case to decide that where jurisdiction is dependent upon the amount in controversy, the question is determined by the averments of the petition; for the amount alleged by the plaintiff to be due is the amount in controversy, and if the defendant believes that the averments of the petition as to amount were fraudulently made, then that must be specially pleaded, and the issue thus raised passed upon. The case of Dwyer v. Bassett goes no further than this, and does not decide the question here presented.

The right to maintain a suit in a county other than that in which the statute fixes the venue must depend upon the existence of the fact or facts which constitute an exception to the statute, and not upon the mere averment of such fact or facts. Where jurisdiction of the person of a defendant is claimed under some exception to the general statute of venue, and he pleads the privilege of being sued in the county of his domicile as provided by that statute, to defeat this plea and deprive him of that right, we think the facts relied on should be not only alleged but proved.

The jurisdiction of the Burleson County District Court was sustained on the former appeal, not merely upon the averment of the facts but upon the existence of the facts which constitute an exception to the statute of venue, and if those facts did not actually exist, then we think the suit could not be maintained in that county. We think the court below did not err in so holding and giving the charges complained of.

The next assignment of error is to the effect that the court erred in instructing the jury as it did in the second and third clauses of the first special charge given at the request of the defendants in regard to the inventory and sale of the goods and the advertisement thereof, and refusing the twelfth special charge requested by the plaintiffs in regard to the advertisement of the sale required under the facts of this case.

The attachment was levied on the 4th day of January, and the property described in the sheriff's return as "a lot of dry goods, groceries,

hats, boots, shoes, drugs, and flour, and an iron safe, situated in a store house occupied by Hilliard Brothers." No inventory of the goods was made at the time of the levy. On January 6th the judge of the court out of which the attachment issued made an order directing the sheriff to sell the goods as under execution upon four days notice of the time and place of sale. The sale was advertised to be made on the 13th of January. By agreement of the parties it was postponed until the 16th of January, at which time the goods were sold in bulk without readvertisement.

The charge given at request of defendants was to the effect that the court had the power to order the goods sold on four days notice, and the sheriff was only required to post the notices of the sale in three public places in the county—one at the court house door and another at the place of sale; that the sheriff was not required by law to make an inventory of the goods, but only to describe them with sufficient certainty; that he was not responsible for the order of sale, nor for the short time within which it was required to be made; that he was not required by law to sell the property by parcel, nor for the few bidders attending the sale; that his duty in such cases is to give the notice required by law and to perform his duties in connection therewith impartially, honestly, and to the best of his judgment.

The special charge requested by plaintiffs and refused was as follows: "The order of sale issued by the district judge of Galveston County required the sale to be advertised for four days. This required the sheriff to give at least four days notice of the time and place of the sale as actually made on the 16th of January, and an advertisement of the sale to take place on the 13th of January would not be good for a sale to take place on the 16th."

We do not think the court erred in giving the charge complained of, nor in refusing to give the special charge requested. If there could be any doubt of the sheriff's power to postpone the sale from the 13th to the 16th, it appears that it was done with the consent of appellants, and we think they have no right now to complain.

We find no error in the judgment of the court below, and are of opinion that it should be affirmed.

*Affirmed.*

Adopted January 28, 1890.