DURANGO LAND & TIMBER CO. et al. v. SHAW.

(Court of Civil Appeals of Texas. Dallas. March 21, 1914. Rehearing Denied April 11, 1914.)

1. PLEADING (§ 111*)—PLEA OF PRIVILEGE—BURDEN OF PROOF.

Under Rev. St. 1911, art. 1830, providing that no person shall be sued out of the county of his domicile, except in cases of fraud, when suit may be instituted in the county in which the fraud was committed, a plaintiff, seeking to justify a suit in a county other than that of defendant's residence on the ground that fraudulent misrepresentations upon which the cause of action was based were made in the county wherein the venue was laid, has the burden of proving that they were made in the county where suit was brought.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. § 111.*]

2. PLEADING (§ 111*)—PLEA OF PRIVILEGE—EVIDENCE.

In a suit in a county other than that of defendant's residence, evidence *held* insufficient to show that the fraudulent misrepresentations upon which the action was based were made in the county wherein the venue was laid.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. § 111.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by R. D. Shaw against the Durango Land & Timber Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded, with directions.

J. D. Williamson, of Waco, Spence, Knight, Baker & Harris, of Dallas, and Wear & Frazier, of Hillsboro, for appellants. Morrow & Morrow and Shurtleff & Cummings, all of Hillsboro, and Goodson & Goodson, of Comanche, for appellee.

RAINEY, C. J. The following statement taken from appellant's brief shows the nature of the suit, to wit: "R. D. Shaw brought suit in the district court of Hill county against the Durango Land & Timber Company, a corporation, domiciled in McLennan county, and against Edward Rotan, H. H. Shear, J. F. Rowe, and J. R. Knight, citizens of McLennan county, and against P. E. Schow, a citizen of Bosque county (subsequently dismissing as to Schow), alleging as his justification for suing in Hill county that fraudulent misrepresentations had been made to him in Hill county which resulted in injury to him. The cause of action asserted was, in substance, that in May, 1909, defendants Rowe and Schow, for themselves and as agents of their codefendants, Rotan and Shear, and as agents of La Montana Land & Lumber Company, through fraudulent misrepresentations had induced plaintiff to subscribe for $7,000 of stock in a corporation to be formed under the name of La Montana Land & Lumber Company, and to give his notes for such sum; that thereafter the proposed corporation, La Montana Land & Lumber Company, was

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

formed, and from time to time thereafter plaintiff paid upon his subscription between $1,200 and $1,300, and several times renewed his stock notes; that thereafter La Montana Land & Lumber Company was dissolved, and its assets, including plaintiff's notes, acquired by another corporation, the Durango Land & Timber Company, defendant herein, with notice, plaintiff becoming thereby a stockholder in the latter company; the prayer of the petition being that plaintiff recover the money paid and that his stock in the defendant company and his notes held by it be canceled. At the trial a judgment was rendered awarding to plaintiff the relief sought, and from that judgment this appeal is prosecuted."

None of the defendants resided in Hill county. All were residents of McLennan county, except Schow, who resided in Bosque county. Pleas of privilege of being sued in the county of their residence were interposed, which were submitted to the jury by the court and a verdict rendered against such pleas. The jurisdiction of the Hill county district court depended upon false or fraudulent representations having been made to appellee in Hill county, which induced him to subscribe for stock in the land corporation.

Appellants contend that the court erred in submitting to the jury the issue of the right to sue in Hill county, because the evidence fails to show that any fraud was committed upon appellee in Hill county.

[1, 2] The representations claimed to be fraudulent, as shown by appellee's evidence, are as follows: "As I have heretofore stated, they told me that including the expenses and price of the land they had paid a dollar an acre in gold for the land. If it had been a fact and I had known it at that time that they had not done that, I would not have subscribed for that stock. As I have heretofore testified, they told me of certain parties whom I have named they had doubled up on their stock in this second capitalization. If I had known they had not done that, I would not have subscribed for that stock."

All the testimony with reference to said representations having been made in Hill county is appellee's testimony as follows: "It occurred from Aquilla on to Waco. Those gentlemen got on the train at Aquilla, and I talked with them from Aquilla to Waco. The conversation began immediately when Mr. Rowe and Mr. Schow got on the train at Aquilla. It is something like four miles, about four miles, from Aquilla to the McLennan county line. It might vary just a little. * * * It is approximately 20 miles from Aquilla to Waco. * * * I think I signed the subscription list before I got to Waco, but I could not say just exactly how long. I am pretty positive that I did not sign it in the depot at Waco, although I might have done it. * * * I guess it would

take something like 40 minutes, possibly 50 minutes, to go from Aquilla to Waco. * * *. I can't swear what was said in Hill county and what was said in McLennan county. * * * I accepted their proposition somewhere between Aquilla and Waco. * * * That train had something like four or five miles to go to the McLennan county line. I do not mean to say that all of those representations were made between Aquilla and the county line. I don't know that they were all made there, but we began the conversation I am sure, and the representations were not completed until we got quite a good ways down the road. I don't know how far."

Under our statutes, the general rule is that "no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except," etc. Rev. St. 1911, art. 1830. One of the exceptions is that, "in all cases of fraud, and in cases of defalcation of public officers, in which cases suit may be instituted in the county in which the fraud was committed, or where the defalcation occurred, or where the defendant has his domicile."

The defendants not living in Hill county, it was incumbent upon appellant to show that the representations constituting fraud were made in Hill county. The evidence was not sufficiently certain for the jury to definitely fix in which county the fraud was committed, as the witness said he could "not swear what was said in Hill county and what was said in McLennan county," and for the exception to prevail over the general rule there must be stronger evidence of the existence of facts which would authorize it than exist in this case. The burden was on appellee to show that the fraud was perpetrated in Hill county, but he virtually says, "I cannot say whether it was in Hill or McLennan county," which renders it so uncertain that the jury were not justified in saying it was committed in Hill county.

The court not having jurisdiction of the parties under the facts, no other assignment will be considered; but the cause will be remanded, with instructions to the lower court to transfer it to McLennan county for trial under article 1833, Rev. St. 1911.