CLOYD v. SACRA. (No. 413.)

(Court of Civil Appeals of Texas. El Paso. March 18, 1915. Rehearing Denied April 15, 1915.)

1. VENUE ⬅8—PLACE OF TRIAL—PRIVILEGE OF DEFENDANT — STATUTORY PROVISIONS — FRAUD.

A petition, which alleges a parol contract of purchase by defendant of steers of plaintiff, and which avers that defendant knew of the fluctuating tendency of the market, and that he entered into the contract for the fraudulent purpose of prohibiting plaintiff from selling the cattle to other purchasers, does not allege fraud within Rev. St. 1911, art. 1830, subd. 7, providing that no person shall be sued out of the county in which he has his domicile except in actions for fraud, suit may be brought in the county in which the fraud was committed, and defendant's plea of privilege to be sued in the county of his domicile must be sustained.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. ⬅8.]

2. PLEADING ⬅111—PLACE OF TRIAL—PRIVILEGE OF DEFENDANT—BURDEN OF PROOF—FRAUD.

Where plaintiff instituted an action in one county and admitted in his pleading that defendant resided in another county, but relied on fraud to sustain the venue, he has the burden of proving fraud, or defendant's plea of privilege must be sustained.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. ⬅111.]

Appeal from Midland County Court; J. H. Knowles, Judge.

Action by T. A. Sacra against George W. Cloyd. From a judgment for plaintiff, defendant appeals. Reversed.

J. M. Caldwell, of Midland, for appellant. Earl Anderson and Chas. Gibbs, both of Midland, and S. P. Weisiger, of El Paso, for appellee.

WALTHALL, J. Appellee, T. A. Sacra, brought this suit against appellant, George W. Cloyd, in the county court of Midland county, Tex., and alleged the residence of appellee to be in Deaf Smith county, Tex.; that on the 3d day of November, 1913, he owned 150 head of steers and entered into a parol contract of sale of same with appellant, by the terms of which he sold said steers to appellant for $50 per head, the appellant agreeing to receive and pay for same at Odessa, Ector county, Tex., on the 7th day of November, 1913; that in accordance with the terms of said contract of sale and in full compliance therewith, he rounded up said herd of steers at Odessa, Tex., and notified appellant; whereupon appellant requested the appellee to hold said steers in readiness for shipment from said point; and that in compliance with said request he held the steers in readiness for shipment at Odessa until the 15th day of November, 1913, at which time he demanded that appellant receive and pay for the cattle under said contract of sale, but that appellant wholly failed to do so. Appellee sued, itemizing the damages claimed, aggregating the sum of $892.50. Appellee further alleged:

"That, at the date of said contract, the market on steers such as these were had a fluctuating tendency, and that the defendant knew that the market value of said steers might be much higher or much lower at the contemplated date of delivery, and that defendant so entered into said contract of purchase for the fraudulent purpose of prohibiting plaintiff from selling said steers to other purchasers and for the fraudulent purpose of compelling plaintiff to deliver said steers to defendant at the contract price of $50 per head, if the value of said steers increased."

The petition alleged confidence in appellant and reliance upon his representations and belief that he would receive and pay for the steers as agreed, and, "by reason of said representations so falsely and fraudulently made by the defendant, plaintiff was thereby induced to refrain from, and did refrain from, selling the said steers to other purchasers as he would have and could have done, but for the false and fraudulent representations of defendant." The petition alleged:

"That the said false and fraudulent representations so made by the defendant were made in Midland county, Tex., and the said fraud was perpetrated in Midland county, Tex., and thereby jurisdiction of this cause of action was conferred upon the county court of Midland county, Tex."

The appellant pleaded his privilege to be sued in the county of Deaf Smith, Tex., and for the purposes of the plea appeared and alleged his residence at all times to have been in that county, and that none of the excep-

tions to the exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist, and that no such fraud is shown by the pleadings of the plaintiff or exists as would bring the cause within the purview of section 7 of said article 1830. The plea was verified. The defendant offered in evidence on his said plea, plaintiff's original petition, the citation of Deaf Smith county, the sheriff's return showing service in Deaf Smith county, plaintiff's first amended original petition, alleging residence of defendant in Deaf Smith county, and the verification of the petition. The county court heard the plea of appellant to be sued in Deaf Smith county and the evidence, and overruled the plea, to which appellant excepted and took a proper bill of exceptions. The case was then heard, a jury waived, and the court, on the proof offered, rendered judgment for appellee for $750.

As the appeal in this case will be determined on appellant's first assignment of error to the overruling of the plea to be sued in the county of his residence, we need not state more of the pleadings or evidence. Appellee alleged the residence of appellant to be in Deaf Smith county, Tex., and undertook to fix the jurisdiction of his suit for damages growing out of an alleged breach of a parol contract of sale of cattle in Midland county, under subdivision 7 of article 1830. The article provides that:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * * (7) In all cases of fraud, * * * in which cases suit may be instituted in the county in which the fraud was committed, * * * or where the defendant has his domicile."

[1, 2] The only fraud alleged in the pleading is stated to be the fluctuating tendency of the market on steers and appellant's knowledge of that fact and that appellant entered into said contract of purchase for the fraudulent purpose of prohibiting appellee from selling the steers to other purchasers and of compelling appellee to deliver said steers at the contract price, if the value of said steers increased. It occurs to us that the two purposes stated do not show fraud. Certainly, knowledge of the fluctuating tendency of the market on steers does not show fraud. A contract to buy with that knowledge would not rest in fraud; although the contract would put the seller under obligation to deliver the steers sold to the buyer. It seems that would be the purpose of a contract. The petition then alleges that appellant had the purpose of compelling the appellee to deliver said steers at the contract price if the value of the steers increased. Whatever may have been his purpose, on a contract of sale appellant would have had that right. The petition does not allege that appellant proposed to carry out the

contract of purchase only in the event of an increase in value of the steers. It was by the pleadings of both appellant and appellee an uncontroverted fact that appellant had his domicile in Deaf Smith county. The appellee sought to deprive appellant of his right to be sued in the county of his residence by the allegation of fraud committed by him in the matter of the contract for the purchase of the cattle in Midland county. The right of the appellee to maintain the suit in Midland county depended upon the existence of facts constituting the fraud, which must not only be alleged but proved. Hilliard et al. v. Wilson, 76 Tex. 180, 13 S. W. 25; Cannel Coal Co. v. Luna, 144 S. W. 721; Seley v. Whitfield, 46 S. W. 865; Pecos & N. E. Ry. Co. v. Thompson, 167 S. W. 801; Durango Land & Timber Co. et al. v. Shaw, 165 S. W. 490. As the plaintiff was the one seeking to sustain the venue and had alleged facts tendering the issue which, in his judgment, constituted the exception to the general rule of venue, the burden of the proof on the issue, under the authorities above recited, was on the plaintiff. He offered no proof on the issue of fraud, and defendant's plea should have been sustained.

The judgment of the county court of Midland county will be reversed, and it is the order of this court that the venue of this case be changed to Deaf Smith county, and the county clerk is hereby directed to make up a transcript of all orders made in said cause and certify officially to same under the seal of the county court of Midland county and transmit the same with the original papers in the cause and the mandate of this court to the clerk of the county court of Deaf Smith county, Tex.