### GRAVES v. McCOLLUM & LEWIS.
### (No. 8504.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 20, 1917.)

1. VENUE ⊙⊃28 — ACTION BY BUYER—PLACE OF DOMICILE.

Where plaintiffs purchased cattle in Tarrant county, giving draft on a Comanche county bank in payment, their action for defendants' false representations that the cattle were sound should be brought in Tarrant county, it not being claimed that defendants knew the falsity of their statements, and it was immaterial that the draft was payable in the other county, in view of Rev. St. 1911, art. 1830, providing for bringing suit in county where defendant resides, except in certain specified cases including fraud.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 42.]

2. VENUE ⊙⊃31—PLACE OF DOMICILE—STATUTE—BURDEN OF PROOF.

Since Rev. St. 1911, art. 1830, provides for bringing suit in county where defendant resides, except in specified cases, plaintiff has the burden of showing that his right to sue in another county comes within the exception.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 46.]

3. VENUE ⊙⊃14—GENERAL RULE—"CAUSE OF ACTION."

For purposes of venue, the "cause of action" is composed of plaintiff's primary right and defendants' act or omission, and if both occur in one county, the entire cause arose there, and the fact that the measure of damages requires evidence of matter arising elsewhere is immaterial.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 21, 27.

For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

Appeal from District Court, Comanche County; J. H. Arnald, Judge.

Action by McCollum & Lewis against Herbert Graves. Judgment for plaintiffs, and defendant appeals. Reversed, and cause transferred to district court of Tarrant county.

Bryan, Stone & Wade and W. C. Blalock, all of Ft. Worth, for appellant. H. N. Goodson, of Comanche, for appellees.

CONNER, C. J. [1] The material question presented upon this appeal is one of venue. The question arises from the following state of facts as substantially alleged and proven: The appellees, McCollum & Lewis, resident citizens of Comanche county, came to Ft. Worth and purchased from the appellant, Herbert Graves, who is a resident citizen of Tarrant County, Texas, 96 head of cattle, agreeing to give therefor the sum of $2,100. At the time of the purchase and sale referred to, Herbert Graves, or his salesman, falsely represented the cattle to be "safe cattle" and free from disease, and the appellees purchas-

ed upon the faith of those representations. It was found by the trial court that the cattle at the time of the sale were affected with Texas fever, from which some 31 of them later died in Comanche county, and for the purchase price of which appellees recovered judgment below. Prior to the sale appellees alleged, and there was evidence tending to so show, that appellant was informed that payment for the cattle would be made by means of a check on a Comanche bank, and that upon completion of the sale, the appellees drew the contemplated check or customer's draft, which was deposited by appellant in a Ft. Worth bank, and later in due course collected from the Comanche bank upon which it had been drawn. The trial court's conclusion on the issue of venue, which had been duly presented by appellant, is in the following language:

"I sustain the venue of this case in Comanche county because the contract for the purchase of the cattle in question was not consummated until the payment of plaintiffs' check, which took place at the office of the Farmers' & Merchants' National Bank in the county of Comanche and because the fraud in question took effect and operated in said Comanche county, Tex., where the money was paid by the bank on behalf of the plaintiffs for said cattle."

While there are some expressions in the case of Landa v. Hunt, 45 S. W. 860, which seem to support the trial court's conclusion, we yet think that he was in error.. Our statute (article 1830), so far as necessary to quote, provides that:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * * 7. In all cases of fraud * * * in which cases suit may be instituted in the county in which the fraud was committed, * * * or where the defendant has his domicile."

[2] It is thus seen that the general rule provided by the statute confers upon an inhabitant of this state the right to be sued in the county of his domicile, and that the right of a plaintiff, when it exists, to sue him elsewhere constitutes an exception to the general rule. The right of the appellees, therefore, to maintain suit in Comanche county being maintainable, if at all, by virtue of the exception above quoted, the burden was upon them under the appellant's allegations to bring themselves clearly within the exception. Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S. W. 25; Cannel Coal Co. v. Luna, 144 S. W. 721; Pecos & N. T. Ry. Co. v. Thompson, 106 Tex. 456, 167 S. W. 801; Durango Land & Timber Co. v. Shaw, 165 S. W. 490.

[3] It is undisputed in the evidence, and the court specifically found, that the statements and representations of the appellant, Graves, and of his agent, regarding the condition of the cattle, and the giving of the check by appellees, all took place at appellant's stock pens in Ft. Worth and in Tarrant

county. There was no finding on the part of the court that at the time of the false representations alleged the appellant, Graves, or his agent, McDaniel, knew that the representations made by them as to the condition of the cattle were false, and, so knowing, made them with the fraudulent purpose of thus abstracting by means of a check, money belonging to appellees in the Comanche bank. Had it been so proven or found by the trial court, then it could doubtless be said that appellant was guilty of swindling under the terms of our Penal Code on that subject, and hence that there would have been such a fraud or crime within the contemplation of exception No. 7 under article 1830, as would have authorized the maintenance of the suit in Comanche county. But in the absence of such proof or findings, as it seems to us, it cannot be so said. The false representations were all made in Tarrant county, the sale there occurred, and the check was there delivered and accepted by appellant, and appellant there delivered the cattle to appellees, and the sale seems to have been there entirely closed. Presumably, of course, appellant expected the check to be paid by the Comanche bank; but there is nothing in the evidence to show that the sale was conditional, or that appellant retained any right of control over the cattle after their delivery to appellees pending the collection of the check. When the check was paid as contemplated by the parties, the payment for the cattle related back in effect to the time of their delivery to appellees so as to then at least vest in them full title to the cattle from the moment of delivery. It is said in 40 Cyc. p. 82, that:

"For the purposes of venue, as generally, the 'cause of action' may be regarded as composed of two elements, the primary right of plaintiff and the act or omission on the part of the defendant without which there would be no cause of action or right of recovery against him. If the elements are both found in one county, the entire cause arose there, and the fact that the measure of plaintiff's damage requires evidence of a matter arising in another county is without effect in determining the place where the cause arose."

Applying the principle thus stated, it would seem that in the case before us appellees' "cause of action" was fixed by the occurrences in Tarrant county, even before the payment by the Comanche bank of the check they drew thereon, and the fact of such payment was material, only in the determination of the extent of appellees' damages. To illustrate, let it be supposed that in fact the check had not been paid, and that appellees' money was still in the Comanche bank. Nevertheless, if appellant, by means of false and fraudulent representations induced them to purchase cattle which, without their knowledge, were diseased, and in the care of which, as shown by the evidence in this case, they expended certain sums of money in the effort to avoid loss, they certainly would have had the right to sue. Indeed, in the case before us, appellees sued for and recovered a number of items of expense such as indicated in addition to the value of the cattle which in fact died from disease. So that, on the whole, we conclude that the court erred in overruling appellant's plea of privilege, and that in accordance with the statute so providing, the judgment should be reversed, and the venue of this cause now and here transferred to the district court of Tarrant county. See Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607; Eastham v. Hunter, 98 Tex. 560, 86 S. W. 323; Cloyd v. Sacra, 175 S. W. 456.

Judgment reversed, and cause transferred to district court of Tarrant county.