**HUTCHISON v. R. HAMILTON & SON et al. · (No. 9322.)**

(Court of Civil Appeals of Texas, Ft. Worth. May 1, 1920. Rehearing Denied May 29, 1920.)

1. **Cancellation of instruments** &#9901;&#8658;35(3)— **Fraud** &#9901;&#8658;39—Collecting bank not proper party defendant in maker's action for fraud and to cancel the notes.

In an action by maker of notes for damages from fraud by the payee, and to cancel the notes, a bank in possession solely for collection, having no right or title, but acting solely as banker in the presentation of the notes, was not a proper party defendant.

2. **Action** &#9901;&#8658;27(2)—Action held one for damages, and not rescission.

An action by maker of notes against payee *held* one sounding in damages, and not an action primarily for the rescission of a contract, although cancellation of unpaid notes given under the contract was prayed for.

3. **Venue** &#9901;&#8658;21—Right to be sued in county of residence not to be denied.

The right to be sued in the county of one's residence is of too much value to be wrested from one, except by suits instituted in good faith under one of the exceptions to the general rule.

4. **Venue** &#9901;&#8658;8—Plea of privilege improperly denied.

In an action for damages for fraud in renting plaintiff pastures which contained grass or shrubs that were injurious to cattle, *held*, that the court erred in overruling a plea of privilege made by one of the defendants, although notes given under the contract were payable in the county where action was brought, and some of them were paid there, and cancellation of the remaining notes was prayed for.

5. **Pleading** &#9901;&#8658;111—Plaintiff must allege and prove facts taking suit out of general rule as to venue.

The burden is on a plaintiff, suing another in a county other than his residence, not only to allege, but prove, facts which would take the suit out of the general rule as to venue, where the defendant files a plea of privilege.

Appeal from District Court, Knox County; J. H. Milam, Judge.

Action by R. Hamilton & Son against W. A. Hutchison and others. From order and judgment overruling the named defendant's plea of privilege, he appeals. Reversed and remanded, with instruction to transfer cause.

Garrard & Baker, of Midland, for appellant.

D. J. Brookreson and Jas. A. Stephens, both of Benjamin, for appellees.

BUCK, J. This is an appeal by the defendant below, W. A. Hutchison, from an order and judgment of the court overruling his plea of privilege to be sued in Midland county, the county of his residence. Plaintiffs, appellees here, sued the defendants, W. A. Hutchison and Lige Davis, residing in Midland county, and G. M. Cosby, residing in Lubbock county, the North Texas Trust Company, a corporation, with its office and principal place of business in Tarrant county, and the First National Bank of Benjamin, a corporation, having its domicile in Benjamin, Knox county, Tex.

The petition alleged that on the 20th day of August, 1918, the plaintiffs were the owners of more than 2,000 cows in Knox and King counties, and were desirous of securing pasture for said cows, and that on said date the defendant W. A. Hutchison, by his agents, represented to the plaintiffs that he had a good pasture situated in Gaines county, Tex., containing 59 sections of land, exclusive of a large alkali lake, in said pasture; that, relying on said representations, the plaintiffs

---

&#9901;&#8658;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on or about the 22d day of August, 1918, made and entered into a pasturage contract with said defendant Hutchison, by and through his agents, whereby the plaintiffs paid to the defendant Hutchison the sum of $6,000 cash, and executed six notes for the sum of $2,000 each, three of which were due and payable January 1, 1919, and three due May 1, 1919, the last three of said notes being nonnegotiable, and all of said notes being payable at Benjamin, Knox county, Tex.; that plaintiffs relying on said representations, shipped about 1,800 cows to Gaines county, and placed them in said pasture. It was alleged in said petition that in truth and in fact there were less than 40 sections of land in said pasture, exclusive of said lake, and that said pasture was not a suitable pasture for the grazing of cows that were with calf, for the reason that it contained grass or shrubs that said cows would eat that would cause them to give premature birth to their calves, which fact was known by Hutchison, and was not known by plaintiffs; that before the plaintiffs learned of said falsity of said representations as to the number of acres in said pasture, and the condition of said pasture, they paid to the defendant Hutchison the amount of the first three notes, and that said payment was made at Benjamin, Knox county. It was further alleged that, in spite of the fact that the last three notes were nonnegotiable, the defendant the North Texas Trust Company was setting up some pretended claim to said notes, and was attempting to collect two of them through their agent, the defendant the First National Bank of Benjamin, and that said notes were at the time in the possession of the First National Bank of Benjamin; that Lige Davis and G. W. Cosby were setting up some kind of a pretended claim to one of said notes, whereby plaintiffs pleaded that the consideration of said notes had already failed on account of the misrepresentations of the quantity of the land and the character of the grass, and that plaintiffs had lost 100 cows, of the value of $7,500, and that 1,000 of said cows had given premature birth to their calves, which was a loss to plaintiffs in the sum of $20,000, and that plaintiffs had been required to spend, and did spend, the sum of $3,000 for cake to feed said cows. Wherefore plaintiffs prayed that upon hearing they have judgment against the defendants, canceling said three notes, and against the defendants Hutchison, Cosby, and Davis for their damages.

No question is raised by plaintiffs as to the sufficiency as to form of defendant Hutchison's plea of privilege. The only question presented on this appeal is as to whether the trial court, under the stated facts, ruled correctly in overruling said plea of privilege. The appellees contend: First, the notes being

payable in Knox county, that this suit to cancel them and to recover damages is maintainable in Knox county; second, that having jurisdiction over the First National Bank of Benjamin, the district court of Knox county was the proper forum in which to bring suit against the other defendants; third, that, having paid the three other notes in Knox county, the fraud alleged was consummated in Knox county.

[1] In defendant Hutchison's plea of privilege it was alleged and urged that the defendant First National Bank of Benjamin was not a proper or necessary party to this suit, but that said defendant was in possession of the notes described for the purpose of collection, having no right, title, or interest therein, but acting solely as banker in the presentation of said notes. This contention, we believe, is borne out by the statement of facts, and we conclude that the First National Bank of Benjamin was not a necessary nor a proper party.

[2] This is a suit which sounds in damages, and is not a suit primarily for the rescission of the contract made between Hutchison and the plaintiffs. Rescission, as defined by Black on Rescission and Cancellation, vol. 1, p. 3, is as follows:

"To rescind a contract is not merely to terminate it, but to abrogate and undo it from the beginning; that is, not merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract and restore the parties to the relative positions which they would have occupied if no contract had ever been made. Rescission necessarily involves a repudiation of the contract and a refusal of the moving party to be further bound by it. But this by itself would constitute no more than a breach of the contract or a refusal of performance, while the idea of rescission involves the additional and distinguishing element of a restoration of the status quo, that is, an offer by the moving party to restore all that he has received under it, with a demand for the similar restoration to him of all that he has paid or given under it, and, in effect, a mutual release of further obligations."

[3] The fact that plaintiffs prayed for the cancellation of the three unpaid notes was but a prayer for damages. The statement of facts shows that the contract was entered into on the part of Hutchison and plaintiffs in Dawson county. The right to be sued in the county of one's residence is one of too much value to be wrested from him, except by suits instituted in good faith under one of the exceptions to the general rule. Freeman v. Kuechler, 45 Tex. 592; Henderson v. Kissam, 8 Tex. 46; Pool v. Pickett, 8 Tex. 122. It is not urged in plaintiffs' petition, nor in their controverting affidavit, that the fraudulent representations made by the agents of defendant Hutchison were made in

Knox county, so as to give jurisdiction there, under subdivision 7, article 1830, of the Revised Statutes. The plaintiffs alleged that some of the notes given by them to defendant Hutchison were paid in Knox county, and therefore they urge that fraud was consummated in Knox county. But they did not allege any cause of action against the defendants by reason of the payments of said notes, but predicate their ground of relief upon the loss of the cattle, and the payment of the $3,000 for feed and the loss of 1,000 calves, prematurely born.

[4, 5] Hence we conclude that the suit cannot be maintained in Knox county in the face of a proper plea of privilege interposed by defendant Hutchison. No facts were alleged in plaintiffs' petition, or in their controverting affidavit, which in our judgment would take this suit out of the general rule, and the burden was on plaintiffs not only to allege, but prove, such facts. Cloyd v. Sacra, 175 S. W. 456; Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25; Cannel Coal Co. v. Luna, 144 S. W. 721; Durango Land & Timber Co. v. Shaw, 165 S. W. 490; Garrett v. Bank, 192 S. W. 313. We conclude that the court erred in overruling defendant Hutchison's plea of privilege to be sued in Midland county, the county of his residence.

The judgment below is hereby reversed, and the cause remanded, with instructions to the court below to transfer the cause to Midland county.