## PARKER et al. v. ERTEL. (No. 111.)

(Court of Civil Appeals of Texas. Waco. Nov. 6, 1924.)

**1. Pleading ⊖╾45, 111—To be entitled to sue in county outside defendant's residence plaintiff must plead and prove cause within one of statutory exceptions.**

To be entitled to sue in any county outside of defendant's residence plaintiff must plead and prove that cause is within one of exceptions, under Rev. St. art. 1830, exception 9.

**2. Pleading ⊖╾111—Court did not abuse discretion in refusing verbal request for postponement of hearing on privilege made after ruling thereon announced.**

Where no written motion or application for postponement of hearing on plea of privilege was made by plaintiffs, court did not abuse its discretion in refusing verbal request for postponement made after court had announced its ruling on the plea.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by R. B. Parker and others against Mrs. Frances Ertel. Judgment for defendant, and plaintiffs appeal. Affirmed.

John White and W. A. Hudson, both of Dallas, for appellants.

S. J. Callaway of Fort Worth, and Rasbury, Adams & Harrell, of Dallas, for appellee.

BARCUS, J. Appellants filed this suit in Dallas county, alleging they were residents of Dallas county, and that appellee was a resident of Tarrant county, and for cause of action alleged in substance that appellee negligently, carelessly, and recklessly drove an automobile in Dallas county, Tex., in such manner as to injure the appellants; it being unnecessary to state the details of the injury or negligence alleged. Appellee filed a statutory plea of privilege, claiming her right to be sued, if at all, in Tarrant county. The appellants filed a controverting affidavit, alleging that the district court of Dallas county had jurisdiction of the controversy because the trespass and injury complained of by them against appellee occurred in Dallas county, and by reason, of exception No. 9 of article 1830 of the Revised Statutes the district court of Dallas county had jurisdiction.

On hearing of the plea of privilege, the plaintiffs' petition, the plea of privilege, and the controverting affidavit were read to the court, and no further testimony was offered on the hearing of the plea of privilege. The court thereupon sustained the plea of privilege, and ordered the cause transferred to Tarrant county, from which this appeal is perfected.

[1] In order for the plaintiff to maintain a cause of action against the defendant in any county outside of the defendant's residence it is necessary for plaintiff to both plead and prove that the cause is within one of the exceptions to the venue statute. Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Richardson v. Cage Co. (Tex. Com. App.) 252 S. W. 747; Randals v Green (Tex. Civ App.) 258 S. W. 528. The appellant not having offered any proof to show that the district court of Dallas county had jurisdiction of the cause. the trial court did not commit error in sustaining the plea of privilege.

[2] Appellants complain of the trial court's refusal to grant their verbal request to postpone the hearing on the plea of privilege until they could get witnesses to prove that the district court of Dallas county had jurisdiction. There was no written motion or application filed by appellants for a postponement or continuance, and the request for the postponement was made after the court had announced its ruling on the plea of privilege. We cannot say the trial court abused its discretion in the matter.

All of appellants' assignments are overruled, and the judgment of the trial court is affirmed.