**LONG et al. v. POPE. (No. 7241.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 17, 1924.)

1. **Venue ⊜⟶8—Fraud alleged as basis for venue in county other than that of defendant's residence must be clearly pleaded and proven.**

To defeat a defendant's right to be sued in county of his domicile on ground that he has been guilty of fraud in another county, fraudulent acts relied upon must be clearly pleaded and proven.

2. **Pleading ⊜⟶111—Granting of plea of privilege held not error, where fraud alleged as basis for venue was not established.**

Where makers in transferee's action on notes impleaded payee, and alleged that he had fraudulently represented himself as owner of notes, and received payment of them in county where suit was brought, but where defendants' own testimony negatived alleged fraud, it was not error, under Rev. St. art. 1830, subd. 7, to grant plea of privilege filed by such payee resident of another county.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by W. E. Pope against J. D. Long and others, wherein John McDaniel was impleaded as party defendant. From judg-

ment rendered for plaintiff and in favor of McDaniel on plea of privilege filed by him, Long and others appeal. Affirmed.

T. D. Cobbs, Jr., of San Antonio, and Thos. H. Ward, of Laredo, for appellants.

Emmett B. Cocke and Ben H. Kelly, both of San Antonio, for appellee.

SMITH, J. J. D. Long, Hugh Applewhite, and J. M. Sorrell executed and delivered a series of promissory notes to John McDaniel, who assigned and indorsed two of them to W. E. Pope, without recourse. When the makers defaulted, Pope brought this suit against them, and they in turn impleaded and sought to recover over against McDaniel, alleging that they had settled the matter with the latter, who fraudulently represented to them at the time that he owned the notes and had the right to accept payment and release them. In a trial on the merits, in the Forty-Fifth district court of Bexar county, judgment was rendered in favor of Pope against Long and associates, as makers of the note, and upon McDaniel's plea of privilege the controversy between him on the one hand and Long and associates on the other was transferred to Wilson county, of which McDaniel was shown to be a resident. Long and associates have appealed, and the question of change of venue is the only one presented for review. None of said parties reside in Bexar county.

Venue as against McDaniel was claimed to be in Bexar county, by virtue of the provisions of subdivision 7, art. 1830, R. S., as follows:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * * 7. In all cases of fraud, * * * in which cases suit may be instituted in the county in which the fraud was committed, * * * or where the defendant has his domicile."

[1, 2] Appellants sought to fix venue in Bexar county upon the ground that McDaniel was guilty of fraud against appellants, that the fraud was committed in Bexar county, and consisted of a false and fraudulent representation by McDaniel that he "was the owner of the notes in question and had a right to release them." No other act of fraud was alleged. The court below heard and considered the plea of privilege along with the trial of the whole cause upon its merits, and granted the plea. It is apparent from the record that appellants' own testimony negatived the specific allegation that McDaniel represented to them that at the time the representation was made he was the owner of the notes and had a right to release them, and we assume the court sustained the plea of privilege because of this failure of the evidence to support the

one specific allegation of fraud relied upon to support venue.

In order to defeat the right of a defendant to be sued in the county of his domicile upon the ground that he has been guilty of a fraud in another county, the fraudulent acts must be clearly pleaded and proven by the plaintiff. Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25; Seley v. Whitfield (Tex. Civ. App.) 46 S. W. 865; Durango Co. v. Shaw (Tex. Civ. App.) 165 S. W. 490; Cannel Co. v. Luna (Tex. Civ. App.) 144 S. W. 721; Cloyd v. Sacra (Tex. Civ. App.) 175 S. W. 456. As was said in the case first cited, in which fraud was alleged:

"The right to maintain a suit in a county other than that in which the statute fixes the venue must depend upon the existence of the fact or facts which constitute an exception to the statute, and not upon the mere averment of such fact or facts. Where jurisdiction of the person of a defendant is claimed under some exception to the general statute of venue, and he pleads the privilege of being sued in the county of his domicile as provided by that statute, to defeat this plea and deprive him of that right, we think the facts relied on should be not only alleged but proved."

The judgment is affirmed.