## LOOS v. SWAIM.   (No. 3596.)

Court of Civil Appeals of Texas.   Texarkana. March 7, 1929.

Rehearing Denied April 18, 1929.

352

T. C. Hutchings, of Mt. Pleasant, and Cantey, Hanger & McMahon, of Fort Worth, for appellant.

S. P. Jones and Franklin Jones, both of Marshall, and Everett C. Bryson, of Texarkana, for appellee.

LEVY, J. (after stating the case as above). The point presented for decision is that of whether, upon the circumstances in evidence, the appellant was entitled, upon his plea of privilege, to have the cause transferred for trial in a county elsewhere than in Camp county, the place where the suit was filed. The appellee controverted the fact of the appellant's alleged domicile in Fort Worth, and affirmatively asserted that he was "a transient person." Proof was heard bearing upon whether or not appellant in fact and intention had his domicile in Fort Worth, and whether or not, notwithstanding he had his domicile there, he was, by his acts and movements, nevertheless "a transient person." Article 1995 and subdivision 2, Revised Civil Statutes, invoked as applicatory, read as follows:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases: * * *

"2. * * * A transient person may be sued in any county in which he may be found."

The word "except" appended to the provision reflects the purpose and intention of placing a condition or exception upon the operation of the enactment. The appropriate function of an exception to a section of a statute is to modify the generality of the provisions of such section as to person or cases which would otherwise have been included in it. The exception above specifically excepts "a transient person." From a comparison of both provisions, it is manifest that they relate to the same subject-matter, and that the object and intent was to give the exception a scope extending beyond the preceding section. According to the terms of the first provision, "an inhabitant of this state" cannot "be sued out of the county of his domicile." According to the terms of the exception, "a transient person may be sued" in "any county" in the state "in which he may be found." "An inhabitant of this state" may have "his domicile" in a particular county in the state and nevertheless by his acts and movements come within the description of "a transient person," rendering suit and personal summons upon him difficult and vexatious in long delay to a plaintiff. Such inhabitant could be sued only at "his domicile." Therefore the evident purpose of the exception was to have such person excepted from the negative terms of the preceding section, because otherwise he would have been included in such negative terms. The object was to provide the places, for jurisdictional purposes, in correction of too few places, in which an "inhabitant of this state" coming within that class of persons may be sued. It is believed that it is intended by the act to confine the place of suit against an inhabitant of this state to the place of "his domicile," unless such inhabitant come within the description of "a transient person." In such contingency the plaintiff may then, as intended to be allowed, bring his suit either in the county of the state in which such "transient person" may be "found," or in the county of the state where such transient person has "his domicile."

The application of the act is entirely dependent upon the facts arising in each particular case. The permissive right to sue such "transient person" in "any county" in the state is manifestly for the benefit of the plaintiff. It is well settled that an exception to the "venue act" is for the benefit of the plaintiff, and not of the defendant. Kinney v. McCleod, 9 Tex. 79; Carro v. Carro, 60 Tex. 395; Pearson v. West, 97 Tex. 238, 77 S. W. 944. It is well settled, however, that the right of the plaintiff to maintain the suit in a county away from the domicile of choice of the defendant, or away from the place the law points out as his residence for jurisdictional purposes, as against a defendant who pleads his privilege, depends upon the existence of facts which constitute the exception claimed by the plaintiff. Durango Land & Timber Co. v. Shaw (Tex. Civ. App.) 165 S. W. 490; Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25. Although exception No. 2 permits the plaintiff to bring his suit in "any county," yet such benefit is conditioned upon the fact that such defendant "be found" in the particular county of suit. The words of the exception, "county in which he may be found," are words of limitation upon the "county" or place in which he "may be sued." And the words "county in which he may be found" refer to and mean the locality in which such transient person is bodily present, however temporarily there. The law then plainly points out the county in which a defendant who comes within the description of "a transient person" may "be sued," and in which he shall appear and answer the suit upon the summons.

The evidence in this case quite definitely shows that for some time before the alleged injury, and at the time of such injury and of the filing of the suit and of the service of citation, the appellant was bodily present in Texas, engaged in his exclusive business of exhibiting his carnival show, with practically all of his movable property with him, at different places in the state. During the period of his marriage his wife lived with him at such places where the carnival was being exhibited. He transacted his banking business in Texas. During the last 15 years he has maintained in Fort Worth, Tex., an office in the nature of an "advertising agency" for his business. In his insurance policies he designated that "my home is in Fort Worth." He made out, as stated, "my last income tax report at Fort Worth." Presumably such return was made in compliance with the federal law requiring income tax returns to be made at "the legal residence" or "principal place of business" of the person making the return. Section 227, Internal Revenue Act, 26 USCA p. 170, § 967(b). He was married in Texas. And the record does not show that appellant had any residence elsewhere in any other state. The legal effect of such undisputed facts would be to constitute the appellant "an inhabitant of this state" within the purview of the act. Pecos & N. T. R. Co. v. Thompson, 106 Tex. 456, 167 S. W. 801. Such conclusion is seemingly in accord with the holding in that case that "an inhabitant" is a person who has no residence elsewhere and is bodily present in Texas, engaged in business. The court would not be warranted in wholly disregarding the appellant's evidence going to show that he was "an inhabitant of this state." The extrinsic facts of bodily presence in Texas and of actually doing business in this state do not justify disbelieving his evidence in that respect. The court was justified, however, in not believing, as we must assume, that appellant had such fixed and certain actual residence in Fort Worth as to constitute him a "fixed" resident there, as contradistinguished from a "transient person." Casualty Recip. Exchange v. Parker (Tex. Com. App.) 12 S.W.(2d) 536. The facts and circumstances, though, are too definite to warrant the conclusion that the appellant did not claim and intend Fort Worth to be his residence as far as circumstances and conditions permitted the act of residing there.

In view of all the evidence, it would have been quite consistent with the legislative intention for the appellee to sue appellant in Tarrant county. The transfer of the cause to that place would ordinarily follow under appellant's plea of privilege, but not in strict right to have it so done in this case, in view of the exception set up in appellee's controverting plea as claim of his privilege to have the cause tried elsewhere. Such plea of appellee is in the nature of a claim of exception to the place of venue, and is controlling thereof in the facts. The appellee served the appellant with process in the county in which he "found" him, although such process was issued out of the suit filed in Camp county. Such service was in pursuance of the allegation in appellee's original petition that "defendant is now at Nueces County, where he is temporarily residing." And in his controverting plea appellee specially set up, as in effect a claim of venue for trial of the cause under the exception, that appellant was "a transient person." No proof was offered to sustain exception 9 of venue in Camp county. Proof was heard upon the exception as to a "transient person" in order to sustain venue in Nueces county. The effect is an abandonment by appellee of exception 9 and of his election and claim of the privilege now to have the cause tried in accordance with the place of venue applicable to a "transient person" as provided for in exception No. 2. Consequently the question arising is one of pure law of whether or not the cause should have been transferred for trial in Nueces county in virtue of exception No. 2 urged by appellee.

The facts are undisputed that the ap-

pellant was continually on the move from place to place, in constant pursuit of his business, so as to bring him within the description of a "transient person." He was clearly within the terms of exception No. 2. Hence the appellant could not, under his plea of privilege, compel the appellee to sue him only "at his domicile" in Tarrant county, because such place was not "the exclusive venue provided by law for such cause." Neither could the appellee compel the appellant to submit to trial of the suit only in Camp county in virtue of exception No. 9, there being no proof in respect to that exception. The appellee, though, did establish that appellant was "found" in Nueces county and served with citation there, and that such county became the county pointed out by law in which appellant "may be sued" and in which he must appear and answer the suit upon its transfer there. Consequently, and because the appellee claimed in his plea that exception No. 2 was controlling as to place of venue, the court would not be warranted, in this case, in holding that appellant should be sued elsewhere. An exception in the venue act is for the benefit of the plaintiff, and he has the right to claim it.

It is not a legal objection to the transfer of the cause to Nueces county that the suit was filed in Camp county instead of Nueces county. The statute forbids that the cause be dismissed because it is filed in the wrong county. Article 2019. Under the terms of the statutes it must be transferred "to the proper court of the county having jurisdiction of the parties and the cause." Article 2020, R. S. The plea of privilege "to be sued in the County of one's residence" (article 2007, R. S.) is fully satisfied, as to "a transient person," when the cause is transferred to the place where he was "found" and where he was actually served in person with the citation. The law points out that place as sufficiently constituting, for venue purposes, his "residence." Accordingly the judgment is reversed, and the cause is remanded to the trial court, with instructions to enter an order transferring the cause to Nueces county, Tex., for trial in that county.

### On Motion for Rehearing.

■ We have concluded that we were in error in directing the cause to be transferred for trial in Nueces county instead of in Tarrant county upon the appellee's controverting plea. Although in the facts the appellee could have brought the suit in Nueces county, under exception 2, yet he did not do so. Under article 2007, upon a hearing of the plea of privilege, it was incumbent upon appellee to sustain the venue of the suit in the county "where the cause is pending"; otherwise the plea of privilege should be sustained. Greenville Gas & Fuel Co. v. Commercial Finance

Co. (Tex. Com. App.) 298 S. W. 550; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896.

The former judgment is modified so as to transfer the cause to Tarrant county for trial. The appellee's motion for rehearing is denied.