### BROWN et al. v. NEYLAND.
### No. 9083.

Court of Civil Appeals of Texas. San Antonio.

June 7, 1933.

Rehearing Denied July 1, 1933.

228

Tom S. Henderson, Jr., of Corpus Christi, Edgar Montieth, of Houston, and Boone & Raymer, of Corpus Christi, for appellants.

B. D. Tarlton and L. Hamilton Lowe, both of Corpus Christi, for appellee.

SMITH, Justice.

It appears from the record that Herman Brown and associates constituted a partnership engaged in constructing roads and similar projects, and that, after operating some time as a partnership, the individual partners organized and thereafter operated a corporation under which the business was continued.

The several individual defendants, who constituted the partnership, none of whom reside in Nueces county, where the suit was instituted, and the corporate defendant, having its domicile in Harris county, with an office and agency in Nueces county, filed pleas of privilege to be sued in the counties of their respective residences. All the pleas were overruled, and this appeal resulted.

Venue is sought to be maintained in Nueces county by virtue of subdivision 23 of the general venue statute (article 1995) and subdivision 29a as amended (Vernon's Ann. Civ. St. art. 1995), as follows:

"23. *Corporations and associations.*—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. * * *

"29a. *(Two or more defendants.)*—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. (Acts 1927, 40th Leg., 1st C. S., p. 197, ch. 72, § 2.)"

In his petition and in his controverting affidavits, appellee alleged that he was engaged by the individual defendants while operating the partnership business to superintend its various operations upon an agreed profit-sharing basis; that, as succinctly stated in his brief, appellee "had a contract with the individual defendants for a division of profits; that he owned a one-half interest in certain profits earned by them; that he owned a one-half interest in certain road building equipment purchased by such parties; that they owed him an accounting. He further alleged that the appellant corporation expressly assumed the contract he had with the partnership appellants; that it took over the books, records, and assets of the partnership, including the equipment in which he owned a one-half interest; that it became further indebted to him by a continuation of the business he had engaged in jointly with the partnership; that such corporation also owed him an accounting, not only for what was due him for profits earned after its incorporation, but, by virtue of its assumption of the obligation and its custody of the books and records, the only source of the accounting."

We are of the opinion that the facts so alleged were sufficient, if established by the

modicum of proof required in testing pleas of privilege, to sustain venue in Nueces county.

The gist of the individual appellants' contention is that the cause of action asserted by appellee is not such a "single joint cause of action" against all the defendants as to render the individuals "necessary" parties within the contemplation of subdivision 29a; that the causes of action asserted against the individuals are separate and severable from that asserted against the corporation, whereby the case is taken out of the class contemplated in subdivision 29a; that, in order to subject the individuals to the jurisdiction of the Nueces court along with the corporate defendant, it must be made to appear by pleading and proof that the individuals are necessary parties to a "single joint cause of action" against both corporate and individual defendants. It is not deemed necessary to pass upon the proposition of appellants in the abstract, for we are of the firm conviction that the case made by the pleadings, if not the proof, is one clearly within the contemplation of subdivision 29a. Commonwealth Bank & Trust Co. v. Heid Bros. (Tex. Com. App.) 52 S.W.(2d) 74; Bender v. Armstrong (Tex. Civ. App.) 59 S.W.(2d) 451.

The suit was to recover upon what appellee aptly terms a "continuing contract," first entered into between appellee and the individual appellants whose obligations thereunder were assumed and sought to be completed by the corporation upon its organization while the contract was in process of performance. Appellee efficiently alleged that he fully performed the obligations imposed upon him by said contract, whereby both the individual and corporate appellants became jointly obligated to pay him the stipulated compensation, and appellee prayed for an accounting from all appellants and for recovery of the amounts ascertained through such accounting to be owing him. We think by this pleading a perfect joint cause of action was presented, requiring the presence in the suit of all the original parties to the contract, as well as the assumptors thereunder.

Appellants contend that appellee seeks as well to recover of the corporation upon separate causes of action arising upon contracts he made directly with the corporation after it was chartered, and upon which the individual defendants could in no event be liable in any degree to appellee. Appellants contend that these causes of action were improperly joined with the causes first asserted, and pleaded such misjoinder in connection with the pleas of privilege. Appellee contends that by so pleading misjoinder appellants waived their pleas of privilege. We overrule this contention of appellee. A plea of misjoinder may be properly asserted along with a plea of privilege where, if upheld, it would aid the latter plea. But, the plea of misjoinder presented in the case cannot avail appellants' pleas of privilege, for the simple reason that, if sustained, it would still leave a joint cause of action maintainable in Nueces county.

We are now relegated to the question of whether appellee presented sufficient of the facts alleged in support of venue in Nueces county. There was evidence to support the trial court's finding that the corporate appellant maintains an agency and representative in Nueces county, thus subjecting it to suit in that county, under subdivision 23 of the statute. But there the proof ended. No evidence was admitted showing or tending to show that appellee ever had any contract or other business relation with the appellants, or any of them, or that there exists in the case a good-faith controversy between the parties. Such a showing was necessary to sustain venue. It was not necessary to show that appellee was entitled as a matter of law to recover upon the cause of action alleged, as it would have been upon a trial on the merits. But it was necessary, as a basis of venue, that appellee make out a prima facie case which if not rebutted would have entitled him to recover, to show the existence of a good-faith controversy over the cause of action efficiently alleged by appellee in his petition and controverting affidavit. Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; San Marcos Baptist Academy v. Burgess (Tex. Civ. App.) 292 S. W. 626. This appellee failed to do, and therefore fell short of the required showing.

Ordinarily, such omission would require reversal and rendition of judgment changing the venue. But it appears that appellee ventured upon evidence apparently designed to make the required prima facie case, but abandoned the effort at its inception when interrupted by the court upon appellants' objection. Appellee has cross-assigned error upon this action of the court, but the bill of exception thereunder is not sufficient to show affirmative error. It is sufficient, however, to indicate that, if permitted, appellee may be able to show the facts of venue, and therefore the matter of the plea of privilege will be remanded for further proceedings in consonance with the opinion.

The judgment is reversed, and the cause remanded.