63   213
81   157

A. L. HASKINS ET AL. v. HENRY WALLET.

(Case No. 5142.)

1. INADEQUACY OF CONSIDERATION.— When land is purchased at forced sale made by the sheriff, for one-twentieth of its real value, very slight circumstances in connection with that fact will suffice to set the sale aside.

2. SHERIFF'S DEED — EVIDENCE.— In a suit to recover land, in which the plaintiff, after setting out his own title, set forth that the claim of defendant was based on a sheriff's deed, which was attacked for fraud and its cancellation prayed for, the sheriff's deed was objected to as evidence. Held:

(1) That the fact that there was a variance between the parties to the cause, as they were designated in the execution, and the judgment on which it issued, was not sufficient to exclude the deed based on the sale under execution, it appearing that the cause was in its progress sometimes

docketed as it appeared in the judgment, and sometimes as recited in the execution.

(2) The fact that the execution was levied by one sheriff and the deed recited that it had been levied by the maker thereof (who succeeded him in office), offered no valid objection to the deed.

3. EVIDENCE — LIMITATION — TAXES. — Proof of the payment of taxes, in support of a plea of limitation, is admissible, without reference to whether the land was duly assessed for taxes or not.

4. LACHES. — In an equitable proceeding to remove cloud from title, caused by a sheriff's sale and deed to the land, begun fourteen years after the sale complained of, held, that the long delay, unexplained, was fatal to the action.

5. LIMITATION. — Held, that the refusal to charge that ten years would bar a suit to cancel a sheriff's deed was error, in a case where the point was fairly raised by pleading.

APPEAL from Karnes.  Tried below before the Hon. H. Clay Pleasants.

This suit was brought by appellee against appellants A. L. Haskins, the surviving wife, and Lulu Haskins, the infant daughter, of R. F. Haskins, deceased. The purpose of the suit was to recover a tract of one thousand eight hundred and ninety-six acres of land out of the Francis J. Haskins league and labor survey in Karnes county.

The petition first set out that the plaintiff is the owner and in possession, and that in 1881 the defendants ousted him and took possession, with the allegations usually made in actions of trespass to try title. The plaintiff then stated his title, then set out the title under which the defendant claims, viz., a sheriff's deed made in 1867 by the sheriff of Karnes county to R. F. Haskins, under whom the defendants claim, alleges that this deed was fraudulent and void and was a cloud upon plaintiff's title, and prayed that it be canceled.

A guardian was appointed for the minor. The defendants answered by general demurrer and special exceptions, general denial, not guilty, laches, stale demand, and limitation of three, five and ten years.

Appellants, by an agreement filed in the cause and read in evidence, " acknowledged and recognized the plaintiff's title to the land in controversy deraigned from the sovereignty of the soil by regular claim of title and transfer through the grant to Francis J. Haskins by the deed of administrator to Peter McGreal, Peter McGreal's deed to R. J. Towns, R. J. Towns' deed to plaintiff as alleged in the plaintiff's petition, and that the defendants' claim to the land is alone based upon the sheriff's deed from S. J. Davis, sheriff of Karnes county, to R. F. Haskins, the deceased husband of A. L. Haskins and the deceased father of Lulu Haskins, now on file and dated the 17th of May, 1867."

The jury found the following verdict, to wit: "We, the jury, find for the plaintiff the land described in his petition, and assess his damages at the sum of one cent." Upon this the judgment of the court was rendered for the plaintiff that he should recover the land sued for; that the sheriff's deed be canceled, plaintiff's deed be quieted, etc.

The judgment which was the foundation of the title of appellants was rendered on October 16, 1866, in the district court of Karnes county, in a suit of appellee against H. H. Brockman *et al.* The entry of the judgment was as follows:

"No. 148.
     "HENRY WALLET
           *v.*
     "H. H. BROCKMAN.

"In this cause the plaintiff failing to appear and prosecute the same, it is ordered by the court that this cause be dismissed and that the plaintiff pay all costs in this behalf expended, for which execution issue."

The execution was as follows:

"THE STATE OF TEXAS,
  County of Karnes.

"*To the Sheriff of Karnes County, Greeting:*

"Whereas, H. H. Brockman *et al.*, on the 15th day of October, A. D. 1866, at the district court for the county of Karnes, hath recovered against Henry Wallet the sum of $18.20 as costs of suit according to the annexed statement; these are, therefore, to command you that of the goods, chattels, etc., etc., of the said Henry Wallet, you cause to be made," etc.  .  .  .

"Witness T. K. Bailey, clerk of the said district court, etc. This 14th day of February, A. D. 1867.

[L. S.]                     "T. K. BAILEY, Clerk D. C. K. C."

Then follows the bill of costs:

(Indorsements.)

"Came to hand this 18th day of February, A. D. 1867, and levied this the 22d day of said month on eighteen hundred and ninety-six acres of land belonging to the plaintiff, being part of the league and labor of land patented to Francis J. Haskins situated in Karnes county, on the Eclato creek, about two miles east of Helena, in Karnes county, being the entire interest of the plaintiff in said tract, and being the upper portion of said tract as described and claimed by the plaintiff in his petition in this suit.

(Signed)                     "GEORGE STRICKLAND, Sheriff K. Co.
            "By R. L. GRAY, Deputy."

Another indorsement on the writ was as follows:

"Came to hand April 8, 1867.

"S. DAVIS, Sheriff.

"—— and Tuesday, the 7th day of May, 1867, I offered for sale the land levied upon at the court-house door in the town of Helena within lawful hours, R. F. Haskins bidding the sum of twenty-three dollars and seventy-five cents; it being the highest and best bid, he became the purchaser, with which amount, with twenty-three dollars and seventy-five cents, this execution stands credited.

"S. J. DAVIS,

"Filed April 14, 1883.                    Sheriff K. C."

The deed was dated 7th day of May, A. D. 1867, and signed by Sam'l J. Davis, Sheriff K. C. It described the suit which was dismissed as styled Henry Wallet v. H. H. Brockman,—mentions the issuance of execution, and proceeds thus: "which execution came duly to my hands, and whereas, by virtue of said writ, I, Samuel J. Davis, sheriff, etc., . . . did levy upon a certain tract of land hereinafter described as the property of said plaintiff claimed by him in his said petition and therein described, and having levied thereon, did advertise the same for sale as required by law, and, after due advertisement, did, on the first Tuesday in May, 1867, etc., . . ." The property was described as situate in Karnes county, on the Eclato creek, being the north part of a survey of a league and labor, patented to Francis J. Haskins, "the portion of said league hereby conveyed being eighteen hundred and ninety-six acres *left off* from the north side of the tract for said Wallet by Joseph H. Barnard, district surveyor of Goliad county, by a line running east and west through the survey parallel to the north boundary line of the survey."

In the petition in the present suit the plaintiff describes the land as follows: "Containing 1,896 acres of land out of the F. J. Haskins survey of one league and labor of land, . . . situated upon the Eclato creek, beginning at the N. W. corner of the said Haskins survey, . . . thence with the northern boundary line of said Haskins, east 5,540 varas to its N. E. corner. . . . Thence along his eastern boundary line, south 1,933 varas. . . . Thence west 5,540 varas. . . . Thence north with said Haskins' west boundary line 1,933 varas to the place of beginning, containing 1,896 acres of land."

The evidence showed that after the plaintiff bought the land it was surveyed by the surveyor Barnard.

Upon the trial the defendants offered in evidence the judgment,

execution and the sheriff's deed; but, upon objection, they were excluded, and the defendants excepted.

*Jno. A. & N. O. Green* and *Lawhon & Browne*, for appellants, that ten years barred the relief sought, cited: Bremond *v.* McLean, 45 Tex., 18, 19; Carlisle *v.* Hart, 27 Tex., 350; Connolly *v.* Hammond, 51 Tex., 635, 647; De Cordova *v.* Smith, 9 Tex., 129; Tinnon *v.* Mebane, 10 Tex., 246, 252.

That the court erred in excluding the judgment in evidence, they cited: Freeman on Executions, sec. 43; Alexander *v.* Miller, 18 Tex., 894, 898–99; Lee *v.* Crossua, 6 Humph., 281; Barnes *v.* Hayes, 1 Swan, 304; Battle *v.* Guedry, 58 Tex., 114, 115; Couch *v.* Atkinson, 32 Ala., 633–636; Williams *v.* Ball, 52 Tex., 610; Blake *v.* Blanchard, 48 Me., 297; Holmes *v.* McIndoe, 20 Wis., 701; Stephenson *v.* McLean, 5 Humph., 332; Steinbeck *v.* Stone, 53 Tex., 382, 386.

That whether the judgment was rendered, the execution issued and sale made all in same suit was a question of fact for the jury, they cited: Driver *v.* Spence, 1 Ala., 540; Jackson *v.* Davis, 18 Johns. (N. Y.), 7; Freeman on Executions, sec. 43; Alexander *v.* Miller, 18 Tex., 894; Barnes *v.* Hayes, 1 Swan, 304.

*J. H. McLeary* and *D. D. Claiborne*, on the proposition that the fact that the plaintiff sets out in full his own title, as well as that of defendant, will not vitiate a good petition, cited: Dangerfield *v.* Paschal, 20 Tex., 552; Grimes *v.* Hobson, 46 Tex., 419; McGee *v.* Chadoin, 44 Tex., 495, 496; Texas Land Co. *v.* Turman, 53 Tex., 623.

That the judgment was properly excluded, they cited: Hollingsworth *v.* Bagley, 35 Tex., 345–348; Dixon *v.* Sinclair, 4 Vt., 354 (24 Am. Dec., 611, 612); Tombeckbee Bank *v.* Strong's Ex'rs, 1 Stew. & Port. (Ala.), 187 (22 Am. Dec., 658, 659, 660); Sayles & Bassett's Tex. Pl. and Pr., p. 582, forms 259 and 259; Rule 63 District Court, 47 Tex., 628.

That the execution and sheriff's return were properly excluded, they cited: Freeman on Executions, sec. 42, and cases cited in notes 2 and 3 thereunder; Criswell *v.* Ragsdale, 18 Tex., 444, 445; Battle *v.* Guedry, 58 Tex., 115; Hollingsworth *v.* Bagley, 35 Tex., 345–348; Green *v.* Banks, 24 Tex., 525; Freeman on Void Judicial Sales, pp. 47 and 48, sec. 25, and note 137; Rorer on Judicial Sales, secs. 577, 714, 716, 746, 747, and cases cited.

DELANY, J. COM. APP.— The first and second assignments of error complain of the action of the court in overruling the general

demurrer and the first and second special exceptions of the defendants. Our opinion is that the court did not err.

The purpose of the suit was to set aside the sheriff's sale under which the defendants claimed a large tract of land. The price paid for the land did not probably exceed one-twentieth part of its value. Very slight circumstances in connection with this very great inadequacy would be sufficient to set aside the sale. And if the plaintiff had proved, on the trial, the facts alleged in his petition, he ought to have recovered unless precluded by his long delay in bringing suit.

The third assignment is that the court erred in overruling the exceptions numbered three, four and five, in which the defendants set up limitation, stale demand and lapse of time in bar of the plaintiff's suit. This may be considered in connection with the seventeenth assignment, which is as follows: "The court erred in refusing the first charge asked by the defendants, to the effect that ten years would bar a suit to cancel a sheriff's deed."

These two assignments present one of the most important questions involved in the case. Appellee presents his view of the case thus: "This being an action of trespass to try title, and not merely a suit to cancel a defective deed, or to remove a cloud from title, the plea of the statute of limitations would not be good on demurrer, but must be pleaded in bar, and sustained by proof to avail the appellants;" referring to Dangerfield v. Paschal, 20 Tex., 552; Grimes v. Hobson, 46 Tex., 419, and several other cases.

In those cases, however, the court was considering the question whether the plaintiff could bring a second suit upon the same cause of action under the statute which has since been repealed. Pasch. Dig., art. 5298. Although in those cases the suits had been brought to annul opposing titles, or to remove cloud from the title of the plaintiffs, the court held that they were to be regarded as suits for the purpose of trying title to land within the meaning of that statute. But, so far as we know, our courts have never regarded the legal remedy of ejectment, or trespass to try title, as being the same in substance and effect as the equitable proceeding to cancel an opposing claim, or remove a cloud from the plaintiff's title. They originated in different ages of the history of the law; they were enforced in different tribunals, and proceeded on widely different principles. The one was a legal remedy which the plaintiff might demand as a matter of right in a court of law. The other was a prayer for relief by the plaintiff, in a court of equity, and in such cases the plaintiff must make his application within a reasonable time.

Now, if we regard the present action as appellee seems to treat it — that is, as an action at law merely,— then the plaintiff cannot recover unless the sheriff's deed, under which the defendants claim, is absolutely void.  If it be merely voidable, the court will not disregard it in a collateral proceeding.

When the defendants offered the deed, it was excluded for the following reasons:

1st.  Because there was a variance between the judgment and the execution, in this, that the parties to the judgment were not the same as those named in the execution.

2d.  Because there was a variance between the deed and the execution, in this, that the deed recited that S. J. Davis, the maker of the deed, levied on the land, while the return on the execution showed that the land was levied on by George Strickland.

4th.  Because the levy indorsed on the execution by Geo. Strickland did not describe the same land that was described by the sheriff's deed.

Our opinion is that the deed was not void, and that in excluding it the court erred.  There could hardly be a doubt that the judgment recited in the execution was the same as the one rendered against the plaintiff; and this was put beyond question by the evidence offered by the defendants to show that the cause was sometimes docketed as it appeared in the judgment and sometimes as recited in the execution.  See Freem. on Ex., sec. 43; Alexander v. Miller, 18 Tex., 893; Battle v. Guedry, 58 Tex., 112.

Nor is there any merit in the second objection when it is considered that the sheriff, Davis, who made the deed received the execution from the hands of his predecessor, Strickland, who made the levy.

There is no merit in the fourth objection to the deed based upon the supposed difference in the descriptions of the land contained in the levy and in the deed.

The sixth, seventh and eighteenth assignments may be considered together.

The defendants proposed to prove by Mrs. Haskins that her husband had paid the taxes on the land for the years 1870, 1871 and 1872.  This was properly excluded because the witness was not speaking from her own knowledge, but from what she had learned from her husband.  But when she proposed to testify that she herself had paid the taxes in 1873, the court excluded the evidence because she could not say whether the land had been assessed for that year or not.  This was error.  The evidence should have been ad-

mitted without regard to the matter of the assessment. Cantagrel v. Von Lupin, 58 Tex., 570.

Turning now to the other view of the plaintiff's case, and regarding it as an equitable proceeding to set aside a deed and remove cloud, the most noticeable feature is the long delay of the plaintiff.

The sheriff's deed was made in 1867. This suit was brought in 1881. It does not appear that the plaintiff took any action whatever in the matter until 1877. Such long delay, as it seems to us, must be fatal to the plaintiff's case unless some good reason is shown why action was not sooner taken in the matter.

The seventeenth assignment presents this question as follows: "The court erred in refusing the first charge asked by defendants, to the effect that ten years would bar a suit to cancel a sheriff's deed."

This charge, in our opinion, should have been given. De Cordova v. Smith, 9 Tex., 129; Tinnen v. Mebane, 10 Tex., 246; Bremond v. McLean, 45 Tex., 10. We do not think that the facts proven in this case are sufficient to excuse the plaintiff's long delay.

The judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted February 9, 1885.]