ROSS v. HAYNES. (No. 8580.)

(Court of Civil Appeals of Texas. Ft. Worth. March 31, 1917. Rehearing Denied May 5, 1917.)

1. VENDOR AND PURCHASER ⭕➝112(1)—DEFECTIVE TITLE—RIGHT TO RESCIND.

Where a vendor, who has agreed to deliver a full and sufficient warranty deed when the purchaser has paid $150, continues unable, on demand, to make a deed to the property clear of any incumbrance thereon for more than a year after the appointed time, the purchaser may rescind the contract and recover the money paid by him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 199, 200.]

2. VENDOR AND PURCHASER ⭕➝111 — DEFECTIVE TITLE—RIGHT TO RESCIND.

The right of a purchaser under a contract for the sale of real estate to rescind a contract and recover the money paid by him on account of the purchase price, because of the failure of the vendor to tender a full and sufficient warranty deed at appointed time, cannot be destroyed by a subsequent tender of such a deed at the trial of the suit for rescission.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 198.]

3. VENDOR AND PURCHASER ⭕➝254(1)—REMEDIES—LIEN FOR PURCHASE MONEY.

In an action by purchaser to rescind a contract for the sale of real estate and to recover the purchase price, an equitable lien may properly be decreed to secure its repayment.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 634, 641, 648, 649, 651.]

Appeal from District Court, Tarrant County; R. B. Young, Judge.

Action by Dan W. Haynes against D. S. Ross. Judgment for plaintiff, and defendant appeals. Affirmed.

A. C. Heath, of Ft. Worth, for appellant. T. W. Dunn, of Ft. Worth, for appellee.

DUNKLIN, J. D. S. Ross entered into a written contract with Dan W. Haynes to sell him a certain lot in the city of Ft. Worth; the purchase price of the lot being $350, payable $10 in cash and $5 each succeeding month until the full amount was paid. The contract stipulated that when the sum of $150 was paid on the purchase price, then Ross would execute to the purchaser and the purchaser would accept "a full and sufficient warranty deed" to the property, retaining the vendor's lien for any unpaid balance then due. After Haynes had paid $250 under that

contract, he instituted this suit to recover the amount he had paid upon allegations of a breach of the contract on the part of the seller to execute to him a deed in accordance with the terms of the contract, and from a judgment in his favor awarding him that relief, Ross has prosecuted this appeal.

[1] The proof showed without controversy that after Haynes had paid $150 on his contract to purchase, he went to the office of the defendant and applied to the defendant's agent in charge of his business for a deed of conveyance to the lot in accordance with the terms of the contract. At that time Ross was absent from the state, and Haynes was advised by the agent to continue his payments in view of the fact that Ross was not then in a position to make a deed to the property clear of any prior incumbrances thereon, as there was an outstanding mortgage against the property. Haynes acted upon that advice, and continued the monthly payments under the contract until the payments made by him aggregated the sum of $250. He then made further efforts to procure a deed from Ross, but was unable to do so by reason of the absence of the latter from the city. He wrote a letter to Ross, which was long delayed in reaching him, but when it was received Ross replied by letter, stating, in effect, that he would furnish plaintiff a deed as soon as he could procure a release of the prior mortgage lien which covered the lot and other property. But the record further shows that the release proposed was not secured by Ross until about 17 months thereafter, and more than a year after the institution of this suit. According to testimony offered by Ross, after he returned to Ft. Worth he made several efforts to find Haynes with the intention to tender him a deed and also a release of the prior lien, but was unable to find him. But the evidence further shows without contradiction that at that time plaintiff had elected to rescind the contract for failure of Ross to comply with its terms and to claim the return of the purchase money paid by him under the contract. Under the undisputed facts as stated, Haynes undoubtedly had the right asserted by him to rescind the contract and to sue for the recovery of the money paid, and hence there was no error in the peremptory instruction by the court to the jury to return a verdict in plaintiff's favor for that amount.

[2] The suit was instituted on October 14, 1914, after the plaintiff had claimed the right of rescission. Upon the trial, which was on March 27, 1916, the defendant tendered to the plaintiff a deed reciting a consideration of $250 paid and the execution by Haynes of a promissory note for $100, which shows to have been acknowledged by Ross on March 15, 1916, 12 days before the trial of the suit. This tender was refused. Ross further testified that the holder of the prior

mortgage against the property, which covered other property as well, had agreed with him to release this lot from the lien upon the payment of $100, and in his testimony he referred to an instrument in writing, shown to him by counsel interrogating him, as such a release so executed by mortgagee, which he says was dated December 17, 1915, and the statement of facts also contains a statement by Ross' counsel upon the trial of the suit, to the effect that he also tendered to plaintiff that release. But the release itself is not shown in the statement of facts, and we cannot say whether or not it was legally sufficient to clear that lot of the prior lien. And we will say further in passing that it does not seem that counsel for plaintiff questioned its sufficiency upon the trial, if such a release was in fact tendered. Ross further testified that he had been ready, willing, and able at all times to procure this release, but there is no proof that he ever actually tendered to plaintiff either a deed or the release prior to the trial.

If, as found by us already, Haynes had the right to rescind the contract and to sue for the purchase money, as he elected to do, that right could not be destroyed by the subsequent tenders made upon the trial of the suit more than 17 months after the institution of the suit.

The foregoing general observations are made without regard to assignments Nos. 1, 13, and 30, presented in appellant's brief, which are clearly too general and the propositions thereunder too multifarious to require consideration.

By another assignment, appellant insists that the court erred also in decreeing and foreclosing an equitable lien upon the lot mentioned to secure the payment of the personal judgment rendered in plaintiff's favor. The propositions submitted under this assignment are to the effect that no equities are shown entitling plaintiff to such a lien, and that the petition contained no allegation to the effect that time was of the essence of the contract. We are of the opinion that both the pleadings and the evidence clearly show that plaintiff was entitled to a deed after the payment of $150 of the purchase price, and that time was of the essence of the contract, to the extent and the circumstances invoked by plaintiff.

It was further alleged in plaintiff's petition, and shown by the evidence, that notwithstanding plaintiff's indulgence by continuing the payments for more than 12 months after he had a right to demand, and did demand, a deed of the defendant's agent, he again demanded a deed and made every reasonable effort to procure one, but was unable to procure it. The evidence further shows without controversy that by reason of the defendant's failure to make a deed the plaintiff lost the opportunity to make an advantageous sale of the lot.

[3] And we are of the opinion, further, that the court did not err in decreeing an equitable lien upon the lot to secure the repayment of the purchase money paid by the plaintiff. Ramirez v. Barton, 41 S. W. 508; Galbraith v. Reeves, 82 Tex. 357, 18 S. W. 696.

For the reasons indicated, the judgment is affirmed.