**WEST LUMBER CO. v. HENDERSON et al.**
(No. 412–3775.)

(Commission of Appeals of Texas, Section B. June 30, 1923.)

1. Judgment ⬤253(2) — Recovery of interest held not warranted by the prayer.

Where plaintiff in trespass to try title also sought to recover value of timber cut by defendant, allegations as to damages for specified number of feet of pine timber, stating stumpage value, manufactured value, and total value, and asking "for damages for the manufactured value of timber cut and removed in the sum of $26,060, or, in the alternative, if plaintiff is denied a recovery for the manufactured value, that he have judgment for the sum of $10 025 or such other sum in either event as the facts

may show him entitled to," did not warrant allowance of interest from the date suit was filed to the date of the judgment.

2. Judgment ⬤253(2)—Prayer for general relief held not to warrant recovery of interest.

If interest were recoverable by virtue of prayer for general relief it was not so recoverable where the pleadings otherwise gave no notice that interest was being sued for.

3. Appeal and error ⬤1094(2) — Supreme Court bound by facts found by district court, approved by Court of Appeals.

When the record upon any point contains conflicting evidence, and the district court and Court of Civil Appeals make the same determination of the conflict, the result is binding upon the Supreme Court.

4. Evidence ⬤67(2)—Exclusion of statements of one still confined in insane asylum held proper.

Evidence of statements of one of the plaintiffs while he was still in custody in the state insane asylum was properly excluded.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by F. B. Henderson, as guardian of Tom Moore, alleged to be non compos mentis, against the West Lumber Company in which the alleged incompetent intervened as plaintiff after being adjudged competent. Judgment for plaintiffs was affirmed by the Court of Appeals (238 S. W. 710), and a writ of error was granted for conflict of opinions. Judgments of the district court and Court of Civil Appeals reformed and affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Feagin, German & Feagin, of Livingston, for plaintiff in error.

O. S. Parker, Thos. J. Baten, and W. D. Gordon, all of Beaumont, for defendants in error.

POWELL, J. The nature and result of this case have been admirably stated by the Court of Civil Appeals as follows:

"F. B. Henderson, as guardian of Tom Moore, who was alleged to be non compos mentis, filed this suit in the district court of Polk county, Tex., May 14, 1915, against the West Lumber Company, in trespass to try title for 117 acres of land known as block 36 of the J. S. Garner league in Polk county, and being a subdivision of the estate of A. P. Garner, deceased, and for damages on account of timber cut by defendant on said land. Pending this suit, Moore was adjudged to have recovered his sanity, and on July 4, 1918, he intervened as plaintiff, and on trial judgment was awarded him for the land and for damages for the value of the timber cut therefrom, with 6 per cent. interest from the date of the filing of the suit for its cutting in 1915.

"The defendant answered by general demurrer, general denial, plea of not guilty, and specially pleaded that plaintiff claimed the land by virtue of an executory contract of sale dated

July 20, 1877, between the heirs of A. P. Garner and plaintiff, Tom Moore, in which the superior title to the land was retained in the Garner estate to secure the purchase money; that the purchase money for said land had never been paid by said Moore or any one for him, and hence plaintiff had no title to said land; that after said executory contract, Moore having failed to pay the purchase money, the estate of said A. P. Garner and the heirs entitled to same rescinded said executory contract, conveyed said land to A. B. Garner and Inez Garner, two of said heirs, and by legal conveyances said land had passed to defendant, and that by reason of said rescission and conveyances thereunder, defendant was the owner of the land.

"To defendant's answer, plaintiff replied by supplemental petition, and denied the matters therein contained, averred that plaintiff had fully paid the note given for the purchase money for said property, and, in the alternative, that, if· mistaken as to the payment of said note or any part of same ·then plaintiff offered to do and perform all such acts and things as in law or equity he should do, and.to pay into court such sum as the court might find due.

"The case was tried before the court without a jury. Plaintiff recovered judgment for the land and for 1,342,213 feet of timber, at $3.50 per thousand, with interest at the rate of 6 per cent. on said amount from May 15, 1915, to date of trial, totaling the sum of $6,406.95, with interest thereon from date of judgment, and costs of suit; from which defendant has appealed."

Upon appeal the Court of Civil Appeals affirmed the judgment of the district court. See 238 S. W. 710. Upon proper application therefor the Supreme Court granted the Lumber Company a writ of error "on conflict with San Antonio v. Pfeiffer (Tex. Civ. App.) 216 S. W. 207." It was alleged in the petition for writ of error that there was no basis in the pleadings in the 'case at bar for the award of any interest between the time of the filing of the suit and· the date of the judgment entered therein on the actual value of the timber cut; that, in the absence of such pleading, the award of such interest, as made by the trial court and affirmed by the Court of Civil Appeals, was in conflict with the opinion of the Court of Civil Appeals at San Antonio in the aforesaid Pfeiffer Case.

For additional preliminary facts in the case, we quote further from the opinion of the Court of Civil Appeals: ·

"Both parties claimed title to the land involved through the common source of the estate of A. P. Garner, deceased. No question is raised as to the amount of the judgment, except the contention that the pleadings of plaintiff do not support the award of interest on the judgment for timber cut. The record discloses that A. P. Garner died prior to 1877, and that during the year 1877, and afterwards, administration of his estate was· pending in the probate court of Polk county, Tex., and that W. H. Garner and F. T. Garner were the administrators; that, in accordance with an order of sale granted by the court, said administra-

tors on July 3, 1877, sold numerous portions of the land belonging to the estate of said A. P. Garner, and among them was block 36 of the J. S. Garner league, containing 117 acres, to Tom Moore, and at the same time one house and lot in the town of Livingston and 49¼ blocks of land in the old town of Swartwout were sold to said Moore the whole for the consideration of $260.70, which sale was duly reported to the court, and by the court approved, and deed to said property duly made to said Tom Moore by said administrators July 20, 1877; that in accordance with the terms of sale Moore duly executed his note payable to said administrators for said sum, to wit, $260.70, with H. E. Moore and John F. Carr signing same as sureties, and also executed and delivered to said administrators a mortgage on all of said property to secure the payment of said note."

We shall first consider the assignment involving the aforesaid conflict between the case at bar and the San Antonio Court of Civil Appeals.

[1] The instant suit was filed May 15, 1915, shortly after the timber had been cut from this tract of land. Aside from a recovery of the land plaintiff sued for the value of the timber so cut by the lumber company. The allegations as to damages were as follows:

"(a) 1,755,000 feet of pine timber of the stumpage value of $5 per thousand or a total of $8,775, and that said timber when so manufactured into lumber was worth at least the sum of $12 per thousand, and at which price the total amount then would be $21,060.

"(b) 250,000 feet of hardwood timber cut for the manufacture of · staves, which was of the stumpage value the sum of $5 per thousand, ·or $1,250, and in its manufactured state was worth the sum of $20 per thousand, or the sum of $5,000."

The prayer closing the petition was as follows:

"Wherefore plaintiff prays the court that the defendant be cited in the terms of the law, and that on trial thereof plaintiff have judgment over and against the defendant for the title and possession of said land, and for damages for the manufactured value of the timber cut and removed from said land in the sum of $26,060, or, in the alternative, if plaintiff is denied· a recovery for the manufactured value, that he have judgment over and against the defendant for the sum of $10,025, or such other sum in either event as the facts may show him entitled to. 'Plaintiff prays for such other and further relief, special and general," etc.

The district court found that 1,302,213 feet of pine had been cut, as well as 40,000 feet of hardwood, and that each character of timber so cut was worth $3.50 per thousand. The court than awarded a judgment for aforesaid value, aggregating $4,697.75 and interest from May 15, 1915, to June 9, 1921, at 6 per cent. per annum, on last-mentioned sum. This interest aggregated $1,709.20, and, when added to the principal sum of $4,697.75,

made a grand total in the judgment of $6,-406.95. As already stated, the judgment of the court was for said last-named amount, with interest thereon from its date, June 9, 1921, at the rate of 6 per cent. per annum. It is contended by counsel for the lumber company that the final judgment, in no event, should have been for more than the principal sum of $4,697.75 aforesaid, with interest thereon from June 9, 1921, at 6 per cent. per annum. Was the allowance of this interest item of $1,709.20, covering the period from the date the suit was filed to the date of judgment, under the pleadings heretofore set out, erroneous? We think it was.

The opinion in the case of City of San Antonio v. Pfeiffer, supra, is a very able one by Judge Moursund. It did not reach the Supreme Court on writ of error, but the rules it announced in this connection, both originally and on rehearing, not only properly construed the case of Railway Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103, and that of Railway Co. v. Mathews, 108 Tex. 228, 191 S. W. 559, but such rules are in line with the cases of Railway Co. v. Lyon (Tex. Com. App.) 243 S. W. 973, and Railway Co. v. Greenhill (Tex. Com. App.) 247 S. W. 840. The Lyon Case was by this section of the Commission of Appeals, and the Greenhill Case by Section A. In each of the cases the Commission answered certified questions, and the opinions were adopted by the Supreme Court during the present term of that court.

That the interest under discussion, not being specially provided for by statute, was not interest eo nomine, but recoverable only as damages, is well settled. Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666; McDaniel et al. v. Laundry Co. (Tex. Com. App.) 244 S. W. 135. In the latter case the opinion of this section of the Commission of Appeals, answering a certified question, was adopted by the Supreme Court last October.

That interest, recoverable as damages, must be sued for before it can be recovered, is equally well settled, as shown by the authorities heretofore cited. In the case of Railway Company v. Lyon, supra, we quoted as follows from the opinion of Justice Yantis, in the case of Railway Co. v. Mathews, supra:

"It is not a case where interest is recoverable eo nomine, but if recoverable at all it is only recoverable as an item of damage. This item was not sued for, and was therefore not in controversy. A litigant may, at his election, omit to sue for any item which is due him (San Antonio & A. P. Railway Co. v. Addison, 96 Tex. 64, 70 S. W. 200), and not thereby place such item in controversy, unless it is necessarily involved as a part of some other item of damage that has been placed in controversy. Pecos & Northern Texas Railway Co. v. Rayzor, 106 Tex. 544."

In the Pfeiffer Case, supra, Judge Moursund discusses an opinion of Judge Hodges in the case of Railway Co. v. Starks (Tex. Civ. App.) 109 S. W. 1003, saying in part:

"As we understand Judge Hodges' opinion the court held that in order to recover interest it should either be specially claimed, or the damages should be alleged at a sum in excess of the value of the property, so that the inference would arise that interest was claimed. In that case and in this the averments with respect to damages exclude the idea that interest was claimed. The prayer for general relief does not put that in controversy which is not in controversy in the averments relating to the damages suffered. In the Rayzor Case, supra, the prayer was for 'judgment for his said damages in the sum of $975, with legal interest thereon, for costs of suit, and for general relief.' The court held the words 'with legal interest thereon' to be subject to the construction that interest on the judgment was prayed for, and that therefore only $975 was involved in the controversy. The prayer for general relief did not affect the ruling."

As so well said by Judge Moursund, the interest item in question should either have been specially claimed and sued for, or the allegations should have so been made that the inference would arise that interest was being claimed. Certainly, in the case at bar, there was no special prayer for interest. The word is nowhere mentioned. Nor is anything alleged from which it could possibly be implied that a recovery of such interest was being sought. The allegations as to value were detailed, but all these allegations as to damages exclude the idea that interest was being claimed. It will be remembered, as shown by portions of the pleadings already quoted, that the recovery for the timber was sought upon one or the other of two theories, ordinary stumpage value, or value of the timber in its manufactured state. On the stumpage theory, it was alleged that 1,755,000 feet of pine timber, worth $5 per thousand, had been cut and removed. The alleged stumpage value of the pine was $8,775. It was alleged that 250,000 feet of hardwood, worth $5 per thousand, had been cut and removed. Therefore the alleged stumpage value of the hardwood was $1,250. The alleged stumpage value of pine and hardwood was $10,025. On the other hand, the alleged manufactured value of the pine, at $12 per thousand, was $21,060. The alleged manufactured value of the hardwood at $20 per thousand was $5,000. The total alleged manufactured value of the pine and hardwood was $26,060.

In the prayer of the petition, as already quoted, the judgment was sought for "damages for the manufactured value of the timber cut and removed from said land in the sum of $26,060, or, in the alternative, if plaintiff is denied a recovery for the manufactured value, that he have judgment over and against defendant for the sum of $10,025.00, or such other sum in either event (italics ours) as the facts may show him entitled to."

It will be observed that the alternative sums mentioned in the prayer are the exact sums pleaded as the actual value of the timber cut upon the two theories presented. Not one cent of surplus over the alleged value is sued for. There can be no inference that any interest was included in either of the sums mentioned. Furthermore, the prayer, all the way through, shows that the value of the timber only was being sought. After mentioning the alternative sums aforesaid, the prayer is for such other sum, in either event, as the facts may show, etc. Counsel doubtless realized that they may have overstated the amount of timber cut and its worth per thousand feet. They then sued for an indefinite sum, but limited that sum to either the manufactured or stumpage value as the facts might develop. The prayer was for such other sum, in either event (stumpage or manufactured value), as the facts might show. The facts did show that much less timber was cut than had been alleged, and that it was worth $3.50 and not $5 per thousand feet.

[2] In view of the specific and detailed pleadings with reference to the nature of the damages being sought, it will not do to say that this interest was recoverable under the prayer for general relief. As stated by Judge Moursund in the Pfeiffer Case:

"The prayer for general relief does not put that in controversy which is not in controversy in the averments relating to the damages suffered."

In the case of Smith v. Patton (Tex. Com. App.) 241 S. W. 109, we stated that—

"A prayer for general relief will not authorize a judgment inconsistent with the specific relief sought."

In the case last referred to we cited in support of our holding the cases of Behren's Drug Co. v. Hamilton, 45 S. W. 622, and Denison v. League, 16 Tex. 400. In the very last case mentioned our Supreme Court said:

"Relief is sometimes allowed, different from the relief prayed, under the general prayer for relief; but the relief granted in such cases must be consistent with the objects of the petition."

Furthermore, there was a prayer for general relief in the Lyon and Greenhill Cases, supra, and they had no effect upon the decisions in those cases.

None of the pleadings gave any notice to the lumber company that this interest was being sued for. No such recovery was either expressly or impliedly sought. There was no basis in the pleadings for the award of this interest item of $1,709.20. The judgment should have been for $4,697.75, rather than for $6,406.95, with statutory interest of 6 per cent. per annum from June 9, 1921, the date of the judgment.

The controlling question on this appeal, as to the right of Moore to recover the land and any damages for the timber, was whether or not he paid the note executed by him for this and other lands on July 20, 1877. The note was due July 3, 1878. It is contended that the Garners were justified in 1898, 20 years after the note had matured, in partitioning their estate lands, and setting aside this Moore tract to A. B. and Inez Garner; that this partition deed evidenced a rescission of the sale to Moore.

[3] It is conceded, of course, that the Garners had no right of rescission if the Moore note had been paid when such rescission was attempted. The district court found as a fact that the note had been paid. The Court of Civil Appeals sustains that finding, giving many reasons therefor in its opinion. We have carefully read the statement of facts, and cannot say that there is no evidence, circumstantial or otherwise, to support this finding of fact of both the lower courts. That being true, the Supreme Court is bound by such finding of fact. For it is well settled that—

"When the record upon any point contains conflicting evidence, and the district court and Court of Civil Appeals make the same determination of the conflict the result is binding upon the Supreme Court."

See Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030; Sheehan v. Levy (Tex. Com. App.) 238 S. W. 900.

Under the finding that Moore had paid this note, he was entitled to recover. This renders immaterial any discussion of the other holdings of the Court of Civil Appeals sustaining the judgment, such as that there was really no rescission at all.

[4] There is only one bill of exception in the record with reference to the admission or exclusion of testimony. One of the attorneys for the company went to Terrell and interviewed Moore while he was still in custody there in the State Insane Asylum. This attorney was ready to testify to alleged statements made to him by Moore on that occasion against the latter's interest. The testimony was excluded. The Court of Civil Appeals hold it was not error to exclude it. We think that court correctly so held, for the reasons stated by it in the last point discussed in its decision.

It follows from what we have said that we think the judgments of the district court and Court of Civil Appeals should be so reformed as to award defendants in error a judgment against plaintiff in error for $4,697.75, with interest from June 9, 1921, the date of the judgment in the trial court, at 6 per cent. per annum, instead of a judgment for $6,406.95, with like interest; that, as so reformed in that one respect only, the judgments of the district court and Court of Civil Appeals should be affirmed. We so recommend.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reformed,

so as to award defendants in error a judgment against plaintiff in error for $4,697.75 with interest at 6 per cent. per annum from June 9, 1921, and that as reformed the judgments of both courts are affirmed.