**FREDE v. LUCK et al. (No. 7246.)**

Court of Civil Appeals of Texas.    Austin.
June 27, 1928.

Rehearing Denied Sept. 12, 1928.

O. D. Krause, of La Grange, for appellant.
Walter P. Luck and F. B. Walker, both of Fort Worth, and Edward H. Moss, of La Grange, for appellees.

McCLENDON, C. J. This suit was instituted by appellant against appellees to partition a tract of land containing 345 acres. The entire tract was originally owned by appellees and E. A. and L. F. Luck, as heirs to what is termed the Luck Estate. Appellant purchased the interest (four-fifteenths) of E. A. and L. F. Luck at foreclosure sale on October 7, 1924, and admittedly held the legal title to this interest. Appellees defended upon the ground that appellant held this interest only in trust under an agreement by which he was to be repaid certain sums aggregating $2,848.90, and they tendered into court this amount, plus 6 per cent. per annum interest thereon up to the date of tender, and they prayed for a cancellation of the foreclosure sale deed. Upon a trial before the court without a jury, judgment was rendered for appellees, canceling the deed, and for appellant for the amount which had been tendered and deposited in the registry of the court.

Considering the narrow limitations of the fact differences between the parties. the statement of facts (71 pages) is unduly prolix, and in many respects not altogether clear. However, after a careful perusal of the entire statement, the following is a fair residuum of the controlling facts:

The four-fifteenths interest was advertised for sale under the foreclosure on October 7, 1924. On the morning of that day, W. P. Luck, an attorney and one of and representing all the Luck heirs, applied to appellant's father with a view of having him buy in the property and carry the indebtedness for the Luck heirs until they could make other financial arrangements. It was finally agreed that appellant would buy in the land, with the understanding that to the amount advanced should be added $198, which was the amount of an account plus interest owing by one of the Luck heirs to a motor company in which appellant was interested. This total amount was to be embodied in a note due twelve months after date, and bearing 8 per cent. interest, and was to be secured by deed of trust. Krause, attorney for appellant, was to draft the necessary instruments to carry

out the agreement. The only point of difference between appellant and appellees with regard to the terms of the agreement was that appellant contended that his title to the four-fifteenths interest should be recognized and the deed of trust should cover the remaining eleven-fifteenths interest, and, if the indebtedness were not paid at maturity, appellees' right to redeem the four-fifteenths interest should be lost; whereas appellees contended that the deed of trust was to cover the entire property, and upon its execution appellant should convey to appellees the four-fifteenths interest. As soon as the foreclosure sale was consummated, Krause prepared a deed of trust which W. P. Luck and one of the other heirs signed and acknowledged before Krause. The instrument was then either delivered to W. P. Luck or later mailed to him, and was signed and acknowledged by all the other parties, but was never delivered to appellant or his attorney. The deed of trust as prepared covered only the eleven-fifteenths interest, and recited that, upon payment of the indebtedness, principal, interest, and attorney's fees, if any, it should become null and void, and conveyance made by appellant to appellees of the interest he had acquired from E. A. and L. F. Luck, at the expense and cost of appellees. It stipulated for a trustee's sale in case of default, and additionally the following:

"It is expressly stipulated and agreed that this conveyance shall in nowise affect nor impair the interest of E. A. Luck and L. F. Luck acquired and purchased by said H. A. Frede as aforesaid, but his title thereto is hereby acknowledged and recognized."

"It is further agreed that, in the event of default by us in the payment of the aforesaid indebtedness, the said H. A. Frede, or other holder thereof, is absolved and released from any and all obligation to convey to us the interests of E. A. Luck and L. F. Luck by him acquired as aforesaid, as hereinbefore stipulated."

The instrument specifically recited the promise on the part of appellees to pay appellant on October 1, 1925, $2,848.90, "with 8 per cent. interest per annum thereon from date hereof until paid, the interest to be payable annually, and, on default in payment, to become principal and bear the same rate of interest, and we also agree and bind ourselves to pay an additional amount of 10 per cent. on the principal and interest due hereon as attorney's fees, if this obligation is placed in the hands of an attorney for collection or suit is brought thereon, or collected through the probate court."

W. P. Luck testified that his agreement with appellant's father was that the deed of trust should cover the entire property, and upon its delivery appellant should reconvey the four-fifteenths interest. He stated that, while he signed and acknowledged the instrument before Krause, the business was being hurriedly transacted, and he did not detect in his hasty reading of the instrument the stipulations above quoted regarding the four-fifteenths interest. Shortly thereafter he discovered this, and from that time on the record shows a controversy both verbal and by correspondence between W. P. Luck and Krause regarding these stipulations, the substance of which was that appellees declined to deliver the instrument as prepared, but were willing to execute it if made to conform to W. P. Luck's version of the agreement with reference to reconveyance of the four-fifteenths interest. The testimony of appellant's father supports appellant's contention that the deed of trust was in the respects in controversy in accordance with the agreement. The record shows no dispute whatever over the terms of the agreement in any particular, except that above pointed out. The theory upon which the tender of the principal amount plus only 6 per cent. interest was made is shown by the testimony of W. P. Luck to be that, since the deed of trust as drawn by Krause was never delivered, it was never binding on the parties, and therefore appellees were entitled to a cancellation of the foreclosure sale deed upon payment of the principal amount of the agreement, with interest thereon at the legal rate.

Appellant contends, on the other hand, that he is entitled to performance or tender of performance by appellees in accordance with the admitted terms of the agreement as a condition precedent to cancellation of the deed or other relief, and that in any event he should have been awarded a foreclosure upon the entire property for the full amount, principal, interest, and attorney's fees as agreed upon.

Without discussing at length the several contentions of the parties, we will state generally our analysis of the case and legal conclusions thereon.

Appellant is admittedly the holder of the legal title of the four-fifteenths interest in the land, and appellees are not entitled to a cancellation of the deed under which appellant holds this interest, except by doing or offering to do equity. Taking W. P. Luck's version of the agreement which the trial court upheld, appellees were not entitled to a conveyance or release of the four-fifteenths interest acquired by appellant except upon the execution of a deed of trust specifically providing for the payment of $2,848.90, with interest thereon and on past-due interest at 8 per cent. per annum, and 10 per cent. attorney's fees in case of default. If appellees had tendered such deed of trust and appellant had declined to accept it and reconvey or release the four-fifteenths interest, appellees could have compelled such acceptance and reconveyance or release in a specific performance suit brought for that purpose. Or, if appellees had waited until the maturity date of the obligation as fixed by the admitted agreement and tendered the agreed amount with agreed interest, they would have been

**182**

entitled to a cancellation of the foreclosure sale deed.

■■■ The record clearly shows that appellees were willing and offered to execute the deed of trust if Krause would reform it in accordance with appellees' version, and that appellant was not willing to carry out the agreement on those terms. There was no tender at or after maturity of the principal amount plus 8 per cent. interest. The suit was brought on the 26th day of October, 1926, and the only tender or offer by appellant was that above stated, although the record shows some efforts on appellees' part to compromise. We will assume, for the purposes of this appeal, that, in view of the negotiation of the parties up to the time of the tender, appellees would still have been entitled to cancellation of the foreclosure sale deed upon payment of the indebtedness with interest as provided in the agreement, and without attorney's fees. When, however, they tendered into court an amount insufficient to meet the terms of the admitted agreement and demanded cancellation of the foreclosure sale deed, they rested their right to such cancellation upon the sufficiency of the tender. This tender was not sufficient under the admitted terms of the agreement which formed the basis of the trust, the enforcement of which appellees relied upon as a basis for cancellation of the foreclosure suit deed. They are seeking the aid of a court of equity to enforce this trust, and the cardinal equitable maxims, that he who seeks equity must do equity, and that equity will regard as done that which should have been done, apply. The equity which appellees are thus required to do is to perform or tender performance of the agreement they admit having made. Failing in this, they do not bring themselves within the pale of the relief they sought and obtained in the trial court. From this it follows that the judgment of the trial court must be reversed.

We have reached the conclusion that under all the circumstances appellees should be still given the opportunity of obtaining a cancellation of the foreclosure sale deed upon fully performing the trust agreement.

Therefore the judgment of the trial court is reversed and the cause is remanded to that court with instructions to render judgment in favor of appellees, canceling the foreclosure sale deed upon payment to appellant or into the registry of the court of $2,848.90, together with interest thereon and on past-due interest at the rate of 8 per cent. per annum from October 7, 1924, to the date of such payment, and an additional 10 per cent. of the whole amount thus computed, as attorney's fees.

Appellees may, however, upon showing their inability to make this payment, or other equitable grounds, have judgment entered against them for this amount and a sale of the entire property as under foreclosure in satisfaction thereof. In default of such payment or judgment and foreclosure, the trial court will enter judgment denying to appellees the relief prayed for, and enter decree declaring the respective interests of the parties and awarding a partition. All costs both of the trial court and on appeal are assessed against appellees.