## BILLUPS v. GALLANT et ux.
### No. 7530.

Court of Civil Appeals of Texas. Austin.
Feb. 5, 1931.

Rehearing Granted in Part and in Part Overruled March 4, 1931.

Baker & Parish, of Ballinger, for appellant.

Crager & Dickey, of Ballinger, for appellees.

BAUGH, J.

Appellant sued appellees in trespass to try title and for damages to 150 acres of land in Runnels county, Tex. Appellees filed a cross-action seeking cancellation and rescission of a contract of sale of said land between appellant and R. H. Gallant, dated November 1, 1923, and to recover from Billups the amount paid by appellees as purchase money for said land under said contract. The case was tried to a jury upon special issues, and

upon their findings judgment was rendered in favor of appellant for said land; in favor of appellees against appellant for $1,403.76; and establishing and foreclosing an equitable lien in their favor on said land. From this judgment Billups has appealed.

The following facts appear: The contract in question provided that R. H. Gallant was to pay Billups for said land $4,250, payable one-half of the proceeds from sale of the crops raised thereon each year. Upon payment by Gallant of as much as $500, Billups was to execute and deliver to him a warranty deed, at which time Gallant was to execute a vendor's lien note for the balance of the purchase price, secured by a deed of trust on the land, due on or before 10 years after date, payable from one-half of the proceeds of the sale of the crops each year. Gallant was to pay all taxes on said land subsequent to 1924, and was to give each year a mortgage on said crops to secure all such payments. Gallant went into possession of the premises in November, 1923. During 1924,' he paid Billups $890.86 in addition to $100 paid him in November, 1923. The jury found that he then demanded of Billups a deed which Billups failed to furnish him. On October 30, 1925, R. H. Gallant was adjudged insane and sent to a state hospital. Payments of one-half the proceeds of crops raised on said place were continued by his wife as follows: In 1925, $967.60; in 1926, $310.54; and in 1927, $173.92. No payments were made in 1928 nor in 1929, though the Gallants continued to occupy and farm said premises, and remained in possession of same up to the time of the trial.

Appellant brings 44 assignments of error upon which 41 propositions are based. We shall not undertake to consider all of them, but confine ourselves to a discussion of what we consider the controlling questions presented.

First of these is that appellees, in their cross-action, having sought equitable relief in an equitable proceeding, must offer by pleading and in fact to do equity, and that they failed to do so.

If appellees had filed an independent suit for cancellation and rescission of said contract, that being an equitable proceeding, it would have been incumbent upon them to offer to do full equity in the premises. That is, to surrender the premises to Billups and to tender the fair value of their use of same during their period of occupancy. Cecil v. Henry (Tex. Civ. App.) 93 S. W. 216; Frede v. Luck (Tex. Civ. App.) 9 S.W.(2d) 180; 27 R. C. L. 655. Such a suit is different in character from a suit in trespass to try title, the latter being a legal remedy. Haskins v. Wallet, 63 Tex. 213; 7 Tex. Jur. 885. While appellees' cross-action did seek a cancellation of the contract, neither the pleadings nor the proof met the requirements of such an equitable proceeding. The record conclusively shows that neither of said parties had fully complied with the terms of said contract; and that both had in effect abandoned it before the filing of this suit. The suit therefore retained its original character as an action in trespass with a cross-action for damages. Hutchison v. Hamilton (Tex. Civ. App.) 223 S. W. 864'; Black on Rescission and Cancellation, vol. 1, p. 3; 7 Tex. Jur. 886. Not only is this true, but appellant repudiated the contract himself and sought to recover the land and the rental value thereof as damages without offer to credit appellees with the amounts paid him thereon. He is therefore in no position to demand that they offer to do equity, nor to complain of their failure to do so.

While much of appellant's brief is devoted to contentions based upon the assumption that this is in effect a suit by appellees for cancellation and rescission of said contract, the case was not so tried nor the judgment so rendered. Appellant was awarded title and possession of said land. Each of the parties had pleaded a breach of said contract by the other. The jury found that appellant had breached same by failure to execute and deliver to Gallant upon demand a deed to the land after Gallant had paid the $500 in 1924. Appellees were then entitled to a deed upon compliance with their part of the contract, that is, execution of vendor's lien note and deed of trust. They could then have compelled specific performance of the contract, or sued for damages for breach thereof. They appear, however, to have waived that provision of the contract by continuing in possession of the land and continuing their payments of one-half of the proceeds of the sale of the crops up to the year 1928. The only issues submitted to the jury relative to any breach of said contract by appellees were found in favor of appellees. Legal title to the land in Billups being admitted, the only controverted issues remaining were those of damages arising from breach of said contract, and the case was so tried below. The rules governing actions for cancellation and rescission consequently do not apply.

The amounts paid by appellees to Billups on the purchase price of said land and the dates of such payments are admitted. Appellees sought to recover these payments. They had derived from the possession, use, and cultivation of said land, and used for themselves, during the years 1924, 1925, 1926, and 1927, more than they had paid Billups, and had paid him nothing for the use of the premises during 1928 and 1929. Billups was entitled, therefore, to offset against the amounts paid him as purchase money the reasonable value of the use of said premises during the time same were used and occupied by appellees. This would be the reasonable rental value of same. Such value for each of

said years was submitted to and found by the jury. Their findings thereon as to the years 1924, 1925, 1926, and 1927 are supported by the evidence. We find no competent testimony, however, to support their findings for the years 1928 and 1929. The jury found such value for the year 1928 to be $200, and for 1929 to be $175. Billups testified that the value of such use for each year was $500. There was no testimony whatever as to the value of the crops raised by appellees on said lands during those two years. R. H. Gallant did testify, over objection of appellant, that he was not a competent witness, that the rental value of such land was $1 or $1.50 an acre. He also testified as to other material facts in issue, being offered as a witness by his own attorneys. His testimony as to rental values was obviously, we think, the basis of the jury's finding of such values for the years 1928 and 1929.

█ It is undisputed that said R. H. Gallant was adjudged insane in October, 1925, and again on October 30, 1928, and was sent to a state hospital for the insane shortly thereafter, where he was an inmate on February 12, 1929, at which time the trial court appointed F. C. Dickey an attorney, as his guardian ad litem. It does not appear at whose request such appointment was made. Trial hereof was had on February 20, 1929, eight days after such appointment, at which time Gallant appeared and testified as a witness. There is nothing to show how or when he had been discharged from the state hospital, whether by parole or otherwise, or that he had regained his sanity. Under these circumstances it was clearly incumbent upon those offering him as a witness to show that he had regained his sanity. The presumption, in the absence of proof to the contrary, was that his mental condition, admittedly unsound on February 12th, was still unsound on February 20th, rendering his testimony inadmissible. Rowan v. Hodges (Tex. Civ. App.) 175 S. W. 847, 848; National Surety Co. v. Landers (Tex. Civ. App.) 235 S. W. 275, 277; West Lumber Co. v. Henderson (Tex. Civ. App.) 238 S. W. 710; Id. (Tex. Com. App.) 252 S. W. 1044.

Appellant also complains of the item of interest allowed by the trial court on the payments made by appellees to Billups. The aggregate amounts of all of these payments was $2,343.02, the specific amount sued for. The court awarded appellees interest thereon from the dates of the respective payments at the rate of 6 per cent. per annum, amounting to $606.14. From the aggregate of the sums paid, plus the interest, was deducted the sum of $1,545, the total rental value of said lands as found by the jury, and judgment rendered for appellees against appellant for the difference—$1,403.76. No interest was allowed to Billups on the rental values found.

Neither in their pleadings nor in the prayer for relief did appellees anywhere ask for a recovery of interest. There seems to be some confusion in the cases as to whether a prayer for general relief, when the facts on which damages are sought are undisputed, places that element of damage in issue so as to authorize judgment for same. West Lumber Co. v. Henderson (Tex. Com. App.) 252 S. W. 1044, 1046, and St. Louis Southwestern Railway Co. v. Seale et al. (Tex. Com. App.) 267 S. W. 676, seemingly hold that it does not, and that failure to ask for interest amounts to a waiver of same. However, Lee v. Boutwell, 44 Tex. 151, and Ewing v. Foley, 115 Tex. 222, 280 S. W. 499, 44 A. L. R. 627, as construed by this court in Texas Power Corp. v. Kuehler, 34 S.W.(2d) 381, would indicate the contrary.

In view of these matters, and the reversal of this case on other grounds, appellees can amend their pleadings in this respect and so eliminate this issue. Hence we deem it unnecessary to pass upon the issue here. In any event, if appellees be allowed interest on the amounts paid by them, the trial court should also have allowed appellant interest on the amounts he was entitled to offset thereon for the use of said premises, from the dates these sums were due.

█ We are also of the opinion that the proffered testimony of O. L. Parish, an attorney, as to his conversation with, and the advice given to, Mrs. R. H. Gallant in January, 1926, in the presence of Billups, was admissible. At that time R. H. Gallant was in the state hospital for the insane. He was incapable of performing his contract. His wife was not a party to it. Billups had pleaded and testified that he had always been ready and willing to execute the deed when Gallant, or some one for him, was in a position to legally execute the notes and deed of trust. Mrs. Gallant testified that she and her husband had demanded a deed in 1925, 1926, and 1927, at times when R. H. Gallant was sane. The proffered testimony related to the legal steps necessary to be taken by her to carry out the contract of her husband, then insane. Such steps were never taken by her. Each party had charged the other with breach of the contract. Their efforts in January, 1926, following payment in the fall of 1925, when R. H. Gallant was then insane, of $967.60, to legally carry out the contract, was a circumstance tending to show waiver of failure of Billups to make a deed theretofore, and an effort on his part then to carry out his contract. Testimony therefore of legal advice to Mrs. Gallant as to how she could perform the contract, and her failure to take such steps, was, we think, admissible on the question of her good faith and of her credibility; and on the issue of breach of said contract by Billups.

■ It was not error to award appellees an equitable lien on the land in question. Whatever they were entitled to recover was for purchase money paid by them under contract of purchase of said land. They were entitled to have such lien fixed to secure such repayment. Galbraith v. Reeves, 82 Tex. 357, 18 S. W. 696; Ross v. Haynes (Tex. Civ. App.) 196 S. W. 364.

The foregoing in the main disposes of the questions raised by appellant. We have not adverted to some other objections to testimony, but they need not recur upon another trial. For the errors pointed out the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.

On Motion for Rehearing.

In our opinion we stated that a guardian ad litem was appointed for R. H. Gallant on February 12, 1929, at which time he was an inmate of a state hospital for the insane, and that trial was had eight days later, at which time he testified. This statement is incorrect. Trial was had February 20, 1930, one year and eight days after appointment of his guardian ad litem. We make this correction, but it does not change the force nor effect of the established rule of decisions announced. That is, that appellant having been shown to be insane, the presumption obtains that that condition continues, in the absence of a showing to the contrary. Our former opinion is corrected to this extent. In all other respects appellees' motion for rehearing is overruled.

Granted in part and in part overruled.